## LANCASTER et al. v. CARLOCK.
### (No. 2991.)*

(Court of Civil Appeals of Texas. Texarkana. Dec. 13, 1924. Rehearing Denied Jan. 8, 1925.)

1. **Railroads** ⬤⟾350(7, 13)—**Negligence of railway employees and contributory negligence of truck driver at crossing held for jury.**

Negligence of railway employees in not giving notice of intent to move standing cars over crossing, and truck driver's contributory negligence in crossing track, held for jury.

2. **Trial** ⬤⟾351(5)—**Refusal to submit special issues as to contributory negligence, submitted in form not objected to, held not error.**

Refusal to submit special issues as to whether plaintiff, before driving truck on railroad track, stopped, looked, and listened, and what he did, to learn if standing cars were likely to be moved onto crossing, etc., held not error, where court submitted issue of contributory negligence in form not objected to.

3. **Railroads** ⬤⟾312(10)—**Duty to give notice of movement from impact in coupling cars.**

It was duty of railroad employees to give notice of movement of rear car of train over

crossing, as natural result of impact made in coupling cars.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Action by Carl Carlock against J. L. Lancaster and others, receivers of the Texas & Pacific Railway Company. Judgment for plaintiff, and defendants appeal. Affirmed.

Prendergast & Prendergast, of Marshall, Briggs & Davis, of Gilmer, and R. S. Shapard and T. D. Gresham, both of Dallas, for appellants.

Simpson, Lasseter & Simpson, of Tyler, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee for the sum of $10,000 as damages for personal injuries. The injuries resulted from a collision with appellants' train at a public crossing in the town of Big Sandy on January 4, 1924. The appellee was driving a Ford truck, traveling north, intending to pass over the Texas & Pacific Railway track, which ran east and west. A number of freight cars were standing on the main line of the railway, to his left. Just as the front wheels of his truck reached the north rail of the railway track, the cars were backed over the crossing, overturning and damaging the truck and injuring the appellee in the manner described in his petition. The evidence showed that this freight train had arrived at the depot in Big Sandy, and during some switching operations had left five or six box cars standing on the main line, east of the crossing. The nearest car was within 10 or 12 feet of the highway. When the appellee approached the track, these cars were standing still. The engine, attached to several other cars, was some distance to the west, near the depot, and was moving towards the crossing. About the time the appellee's truck got on the main line, the standing cars were set in motion and pushed back. The rear car was pushed over the highway, colliding with the truck.

The negligence charged was the failure of the appellants' agents to give some warning or notice that the cars were to be moved, and the failure to have an employee stationed at the rear of the train to notify travelers that the train would pass over the highway. The appellee was the only eyewitness to the collision. He testified, in substance, as above stated; and, further, that no employee of the railway company was at or near the rear of the train, and no notice of any kind that the cars were to be moved was given.

In response to special issues, the jury found substantially as follows: (1) That the appellants' agents did not ring the bell and keep the same ringing, as required by law in approaching a crossing. (2) That the failure to perform that duty was the proximate cause of the injury. (3) That the railway employees did not keep a lookout for persons intending to cross at that point, and did not give any warning of the intended movement of the car. (4) That such failure was negligence and was the proximate cause of the injury. (5) That the plaintiff was not guilty of contributory negligence. (6) That he was entitled to recover as damages $10,000.

Appellants requested several special instructions applicable only to trials where the issues of fact are submitted in a general charge, and they were for that reason properly refused.

[1] The facts shown by the record in this case present two controlling questions: (1) Were the agents of the appellants guilty of negligence in failing to give notice of their intention to move the cars standing near the crossing at the time Carlock was passing over? (2) Was Carlock guilty of contributory negligence? Both of these issues were properly submitted to the jury and decided favorably to the appellee.

[2] Appellants complain because the court refused to submit the following additional issues:

"(1) Before plaintiff drove his truck on the track, did he stop to learn if the cars on the main line were likely to move onto the crossing?

"(2) Did the plaintiff before he drove onto the main line look to the west to learn if the cars were likely (to) move onto the crossing?

"(3) Did the plaintiff before he drove his truck onto the main line listen to learn whether the cars on the main line were likely to move onto the crossing?

"(4) What did the plaintiff do before he drove his truck onto the main line to ascertain whether the cars were likely to be moved onto the crossing?

"(5) Would a heavily loaded Ford truck make much racket or noise while moving over such ground as there was there?

"(6) Would a man of ordinary care for his own safety have driven a heavily loaded Ford truck on the occasion in question on the track?"

These special interrogatories relate mainly to the issue of contributory negligence. But that issue had been submitted by the court in a form that was not objected to. Even if the jury had answered favorably to appellants all of the special interrogatories requested, except the last, the finding would not have required a different judgment from that which was rendered by the court.

[3] It is insisted that the finding of the jury that the failure to give notice of the movements of the train was negligence, and the proximate cause of the injury, is not supported by the evidence, because the record shows conclusively that appellants' agents did not intend to push the cars over the crossing. There is testimony tending to show that the passage of the rear car over the crossing resulted from what the witnesses called "the taking up of the slack" following the impact made to couple the cars. That

may be true; but such movement was only the natural result of the impact, and appellants' agents must have contemplated that such a result would follow. They should have foreseen the natural sequence of the effort to couple onto the standing cars. It was as much their duty to give notice of the intended movement of the train under those circumstances, as to give notice of an intention to cover the highway for any other purpose.

It is unnecessary to discuss the assignments of error in detail.

The judgment will be affirmed.