## BOWEN MOTOR COACHES v. YOUNG.

### No. 14105.

Court of Civil Appeals of Texas. Fort Worth.

March 1, 1940.

Raymond E. Buck and Frank J. Knapp, both of Fort Worth, for relator.

Houtchens & Houtchens, Robert V. Weddell, Lloyd H. Burns, and J. Harold Craik, all of Fort Worth, for respondent.

SPEER, Justice.

This is a proceeding in which Bowen Motor Coaches seeks a writ of mandamus to require Hon. Bruce Young, Judge of the 48th District Court of Tarrant County, to enter judgment for relator upon a jury's verdict returned in the trial of a cause pending in that court, styled J. V. Willis v. Bowen Motor Coaches, a corporation.

Attached to and made a part of the application for writ are the pleadings of the parties to the suit, a copy of the special issues submitted, the answers to such of the issues as the jury could agree upon, and a copy of the judgment as finally entered by the court.

From the judgment it appears that after the verdict was returned, relator moved the court to enter judgment in its favor upon the answers made by the jury to the issues submitted. Plaintiff Willis filed a motion asking that a mistrial be declared The court overruled the motion of relator and sustained that of plaintiff; judgment was entered declaring a mistrial and in this condition the case remains on the docket.

Plaintiff's case was based upon allegations that he sustained injuries as a result of the negligence of relator while driving along Grapevine Highway, near its intersection with 28th Street. For the purposes of this discussion, it is sufficient to refer briefly to the pleadings of the parties. Plaintiff described his own conduct just prior to the collision in a way so as to show that he was not guilty of any negligence, but that relator's negligence consisted, among other things, in driving its bus at the time and place at a rate of speed in excess of 45 miles per hour; the driver's failure to keep a proper lookout; and in failing to keep his bus under control, under the circumstances surrounding the time and place. Other allegations described his injuries.

The relator, as defendant below, answered by general and special demurrers, general denial and special pleas, to the effect that plaintiff was not seriously injured, but that such minor injuries as were sustained by him proximately resulted from his own negligence, in (a) while plaintiff was driving his car in the outside lane of the four lane highway, relator was operating its bus in the second or inside lane, going in the same direction of plaintiff's car, the plaintiff suddenly, unexpectedly and without a warning signal to relator's driver, changed the course of his vehicle, by attempting to make a left hand turn across the highway and into the path of defendant's bus; (b) that plaintiff failed to keep a proper lookout for his own safety; (c) plaintiff failed to give any signal to the driver of defendant's bus that he expected to change the course of his vehicle; and (d) that plaintiff violated several sections of Article 801, Penal Code of the State, pertaining to duties of operators of automobiles on the highway; each and all of said alleged acts of negligence were charged to have contributed to and proximately caused such injuries as were sustained by him.

Obviously no statement of the facts proved upon the trial is before us, but the Special Issues submitted by the court are made a part of the application. We may properly assume that there was evidence offered in support of the issues submitted, and from this assumption, we may draw a conclusion as to the theories relied upon by the parties in support of their pleadings. Panhandle & S. F. Ry. Co. v. Sutton, Judge, 125 Tex. 401, 81 S.W.2d 1005.

We find it difficult to discuss the contentions of the parties without giving a summary of the issues submitted, and the answers made and those not made. Some issues will be quoted, when considered necessary, and others will be stated. They were as follows:

"Special Issue No. One: At what rate of speed in miles per hour do you find from a preponderance of the evidence, the defendant's bus was being driven, immediately prior to the collision in question?" The answer was, "40." Whether or not this was negligence and a proximate cause, not answered.

No. 4: Whether or not the driver of the bus failed to keep a proper lookout; and if such failure, if any, was negligence and a proximate cause, not answered.

No. 7: Did the driver of the bus fail to exercise ordinary care to keep his bus under control just prior to the collision? Was such failure, if any, negligence and a proximate cause? Neither was answered.

No. 10: The jury found that the collision was not the result of an unavoidable accident.

No. 11: Did plaintiff, J. V. Willis, fail to keep a proper lookout just prior to the collision? Not answered. Nor was there an answer to either of the conditionally submitted issues of negligence and proximate cause, which followed.

No. 14: "Do you find from a preponderance of the evidence that the plaintiff, J. V. Willis, at the time of the collision in question, was attempting to make a left hand turn from the outside lane of the highway?" No answer. Negligence and proximate cause, relating to the above question, were conditionally submitted, but were not answered.

No. 21: "Do you find from a preponderance of the evidence that at the time of the collision in question, the plaintiff had suddenly driven his automobile from the outside lane of the highway and into the inside lane in the path of defendant's bus?" This was not answered; nor was either of the succeeding conditionally submitted questions of negligence and proximate cause answered.

This is found in the charge: "If you have answered special issue 21 'no' you need not answer this question, but if 'yes,' then answer:"

No. 24: "Do you find from a preponderance of the evidence that J. V. Willis failed to give a signal of his intention to turn from the outside lane to the inside lane of said highway immediately prior to the collision in question?" The answer was "Yes." In response to issues 25 and 26, respectively, the jury answered that plaintiff's failure to give a signal of his intention to turn from the outside to the inside lane was negligence and a proximate cause of the collision.

No. 27: An inquiry of whether plaintiff failed to render to the bus driver such assistance as the circumstances reasonably demanded in order to enable the bus to pass, along with the accompanying inquiries of negligence and proximate cause, were unanswered.

No. 29-A reads: "Do you find from a preponderance of the evidence that plaintiff failed to give a signal of his intention to change the course of his vehicle just prior to the collision in question?" This, with the conditionally submitted questions of whether such failure was negligence and a proximate cause, were unanswered.

No. 29-F reads: "Do you find from a preponderance of the evidence that at the time of the collision between defendant's bus and plaintiff's car, the plaintiff was making a right hand turn?" If the answer to 29-F was "yes," then the jury was requested to answer No. 29-G, which reads: "Do you find from a preponderance of the evidence that at the time plaintiff was making such right hand turn, if you have so found, he failed to give a signal of his intention to · make such turn?" Neither 29-F, 29-G, nor the supplementary component elements of negligence and proximate cause, conditionally submitted, was answered.

No. 30 inquired if plaintiff sustained injuries from the collision, to which the jury answered, "Yes."

No. 31 inquired of the amount of damages sustained by plaintiff as a result of his injuries. No answer was made.

■ In many cases it is unnecessary that all issues be answered by the jury, for, in practically all cases, there are more grounds for recovery and in defense plead than are essential to determine if recovery by plaintiff can be had; then, too, in many instances issues are properly submitted, conditioned upon answers made to others. But it is always true that before judgment can be entered for either party, the verdict must be such as to require the entry of a judgment. Speer's Special Issues, sects. 424 and 555; 41 Tex.Jur., sect. 356, page 1220.

As we construe the verdict of the jury, there was a disagreement as to the answers to the issues material to the rendition of a judgment by the court. It was found that relator's bus was being driven at the rate of 40 miles per hour, but a disagreement as to whether this was negligence and a proximate cause of the collision. Nor were there answers to the other two alleged grounds of negligence by the bus driver, that is, failure to keep a proper lookout and failure to keep his bus under control.

There is no finding by the jury that plaintiff was guilty of any act of negligence which proximately contributed to the collision. There is a finding that it was not the result of an unavoidable accident, which means, under the definition given of that term, that the collision was caused by the negligence of one of the parties to the suit. It must follow, then, that it was necessary for the jury to determine which of the parties negligently caused the collision.

■ In its application for the writ of mandamus, relator is assuming the burden of showing that the verdict was sufficient to require the trial court to enter judgment in its favor. No agreement was reached on

the answer to Special Issue 14, which inquired if plaintiff was attempting to make a left hand turn from the outside lane of the highway, when the collision occurred. Doubtless, from the similarity of allegations by defendant as to contributory negligence, the court submitted Special Issue No. 21, which inquired if, at the time of the collision, plaintiff had suddenly driven his automobile from the outside lane to the inside lane of the highway in the path of defendant's bus. This question was not answered.

■■ The principal contention of relator in support of its application before us is that the answers to issues 24, 25 and 26 conclusively show that the jury intended to find, and did in effect find, that plaintiff was making a left hand turn from the outside lane of traffic to the inside lane when the collision happened. It will be observed that this is the question submitted by special issue 21, which was not answered. Issues Nos. 24, 25 and 26 were to be answered conditioned that the jury's answer to 21 was "yes". This conditional submission was proper, for certainly unless the jury should find in response to issue 21 that plaintiff had suddenly driven his vehicle from the outside lane into the inside lane, into the path of the bus, no necessity existed for a finding under issue 24, whether or not plaintiff gave a signal of his intention to so turn into the inside lane and the path of the bus. Nor would it become necessary to determine under issue 25 whether such failure was negligence, nor under issue 26, if the failure was a proximate cause of the collision. To put it another way, unless plaintiff did turn his automobile from the outside to the inside lane in the path of the bus, how could it be said that his failure to signal his intention to do so was negligence? In fact, it would have been improper for him to give such a signal when he had not attempted to make such a turn. No doubt the facts proved justified the jury in finding that plaintiff did not signal his intention to make a left turn into the inside lane. He may not have intended to make such a turn. That is the very question asked by the court in issue 21, and the jury disagreed upon the answer to it. It cannot be reasonably inferred, under the circumstances here, that because plaintiff failed to give a signal of his intention to turn into the other lane, that he did in fact make the turn.

■ To assume that the finding of the jury in response to issue 24, that plaintiff failed to give a signal of his intention to turn from the outside to the inside lane, was a finding that plaintiff "had suddenly driven his automobile from the outside lane of said highway and into the inside lane in the path of defendant's bus", as inquired about in issue 21, would not have been responsive to the issue which the jury was attempting to answer. We cannot now reform the issue so as to make the answer responsive and material. 41 Tex.Jur., sect. 354, page 1218; Waco Cement Stone Works.v. Smith, Tex. Civ.App., 162 S.W. 1158.

Again, if we could presume that by the answer to issue 24 the jury intended to and did find that plaintiff had turned into the inside lane in the path of the bus, and that he did not signal his intention to do so, such an answer would have been based upon a combination of questions in issues 21 and 24, which would have read substantially as follows: At the time of the collision had plaintiff suddenly driven his automobile from the outside lane to the inside lane in the path of the bus and did he fail to give a signal of his intention to do so? Such an inquiry would have been highly improper because it would have been multifarious. We cannot presume that the court would have submitted such a question. Nor can the jury be presumed to have formed their own question and to thus answer it. Speer's Special Issues, sect. 430, page 559.

It is no answer to what we have said in this connection for relator here to contend, as it does in its brief, that no objection or exception was taken to the type of question which we have said would have to be supplied to render the answer responsive. Indeed, no such question was in fact asked and hence no objection was required. or could have been made.

Before it became necessary for the jury to determine whether plaintiff gave a signal of his intention to make a left hand turn and whether such failure was negligence, it was essential in this case that they first determine whether or not he did make such a turn. Otherwise why determine if he gave a signal indicating an intention to make that turn?

The jury had ample opportunity to determine by their answers to issues 14 and 21 whether or not plaintiff did make a left hand turn immediately prior to the collision. Again, by issue 29-A, the court inquired whether or not plaintiff gave a signal of his intention to turn the course of his vehicle. Neither of these questions was answered. Plaintiff was under no duty to give a signal

of his intention to turn one way or the other unless he did turn or change the course of his car. Until this primary and fundamental ultimate issue was determined, whether or not he gave a signal of such intention would be unimportant.

The evidence must necessarily have been conflicting as to whether plaintiff was attempting to make a left hand turn or one to the right, because by special issue 29-F, the inquiry was made whether, at the time of the collision, plaintiff was making a right hand turn. This question was not answered. The submission of the issue last mentioned, to our minds, emphasizes what we have said relative to the necessity of a finding of fact whether plaintiff was attempting to turn left before any importance could be attached to the jury finding that he failed to give a signal of his intention to turn left, and that such failure was negligence and a proximate cause of the collision.

Without further extending this opinion, we hold that the issues answered were insufficient to require the entry of a judgment for defendant and that the court was fully authorized to declare a mistrial; that in the circumstances of this case, it became his duty to make that order. The application for the writ of mandamus to require the court to enter judgment for defendant on the verdict returned is denied.