### NEELY et al. v. WOOLLEY et al.
### No. 5908.

Court of Civil Appeals of Texas. Texarkana.
Sept. 16, 1941.

Rehearing Denied Sept. 25, 1941.

974

See, also, Tex.Civ.App., 143 S.W. 2d 1015.

Strasberger, Price, Holland, Kelton & Miller, of Dallas, for appellants.

Collins, Williams & Garrison, of Lufkin, for appellees.

JOHNSON, Chief Justice.

The application filed in this court by relators, W. O. Neely, E. F. Neely, C. H. Lyons, and Lyons-Neely Oil Company, prays for a writ of mandamus to compel the Honorable Earl Roberts, Judge of the 124th District Court of Gregg County, to set aside the jury's answer to one of the special issues and to enter judgment in favor of relators upon the jury's answers to the remaining special issues, in cause No. 13,141-B, wherein J. H. Woolley is plaintiff and relators are defendants, pending in said court.

J. H. Woolley filed said suit against relators to recover damages for injuries received by his wife, Mrs. Gladys Woolley, in an automobile accident occurring in the town of Kilgore, Gregg County. Woolley alleged that his wife was seated in an automobile owned by one Brown Woolley, parked in front of Barton's Grocery Store, against the east curb of Commerce Street, which street runs north and south at the point in question; that W. O. Neely driving a truck for himself and the other defendants, approached from the south and collided with the automobile occupied by Mrs. Woolley. Defendants were charged with specific acts of negligence, each alleged to have been a proximate cause of the collision. The answer of the defendants contains a general demurrer, special exceptions, a general denial; and specially alleges, in substance, that Brown Woolley, driving south on Commerce street, suddenly cut his car to his left across the street from west to east side and parked facing south, whereupon Mrs. Woolley attempted to get out of said car on the right hand or street side, and in doing so was guilty of certain alleged acts of negligence, each of which is claimed to have been a proximate cause of the collision.

The jury found that the driver of defendant's car was guilty of one act of negligence and that such negligence was a proximate cause of the collision; and that Mrs. Gladys Woolley was guilty of five acts of negligence, each of which was a proximate cause of the collision. The jury further found, in answer to special issue No. 34, that "the act of Brown Woolley in driving his car to his left and parking on the wrong side of the street was the sole cause of the collision." There was a finding of damages and that the accident was not unavoidable. Plaintiff filed a motion asking the court to declare a mistrial, be-

cause the finding of the jury that the act of Brown Woolley, in turning his car to his left and parking on the wrong side of the street was the sole cause of the collision, was in conflict with the findings that the negligence of the defendants and of Mrs. Woolley constituted proximate causes of the collision, same being an irreconcilable conflict in answers to material issues. The defendants filed a motion asking the court to disregard the answer of the jury in response to special issue No. 34, above quoted, because said finding was without any support in the evidence, and to render judgment for defendants on the other findings of the jury. Upon hearing, after due notice, of said motions the court found there was irreconcilable conflict in the findings and entered his order decreeing a mistrial, thus denying defendants' motion and granting plaintiff's motion. Plaintiff had also filed a motion for new trial, on which motion the court took no action. Certified copies of each of the several instruments above mentioned are attached to and made part of relators' application for the writ of mandamus. The record before us contains no transcript of the evidence introduced upon the trial of the case in the court below.

Entry by the trial judge of a judgment on a valid verdict involves no judicial or discretionary powers. It is a ministerial act, the performance of which may, in proper cases, be enforced by a writ of mandamus. Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875; Dallas Ry. & Terminal Co. v. Watkins, Tex.Civ. App., 89 S.W.2d 420, writ refused; Southland-Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W.2d 731; Swann v. Wheeler, 126 Tex. 167, 86 S.W.2d 735. Irreconcilable conflict in findings on material issues destroys such validity of a verdict to the extent that no judgment can be rendered thereon, as returned. 41 T.J. 1226, § 361. Upon proper motion and notice the trial court may disregard any special issue jury finding that has no support in the evidence. Vernon's Civ.Statutes, Art. 2211.

In some instances the conflict may thus be eliminated and judgment rendered on the other findings.

There is no question but that the jury's finding in answer to special issue No. 34, that the act of Brown Woolley, in turning his car to the left and parking on the wrong side of the street, was the sole cause of the collision, is in irreconcilable conflict with the findings that both plaintiff and defendants were guilty of acts of negligence constituting proximate causes of the collision; and special issue No. 34 was a material issue, if properly raised.

Relators contend that special issue No. 34 was not raised in the pleadings. Defendants' general denial was sufficient to raise the issue of sole cause, submitted in said special issue No. 34. Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984; Dallas Ry. & Term. Co. v. Stewart, Tex.Civ.App., 128 S.W.2d 443.

Further contention is made to the effect that the jury's findings in answer to special issue No. 34 had no support in the evidence and for that reason it was a ministerial duty of the trial court to grant defendants' motion to disregard such finding and to enter judgment for defendants on the answers to the remaining issues. Respondents contend that the action of a trial judge in determining a motion to disregard a special issue jury finding on the alleged ground that it has no support in the evidence invokes the exercise of judicial or discretionary powers of the court, not subject to control by writ of mandamus, citing Friske v. Graham, Tex.Civ.App., 128 S.W. 2d 139. It is not necessary for us to, and we do not, pass upon that question in this case, for the reason that in the absence of a statement of facts we must assume that the evidence was sufficient to go to the jury on each of the issues submitted in the trial court's charge. Panhandle & S. F. Ry. Co. v. Sutton, 125 Tex. 401, 81 S.W.2d 1005; Bowen Motor Coaches v. Young, Tex.Civ. App., 138 S.W.2d 145. Therefore relators' contentions are not sustained, and the writ of mandamus is denied.