## TRADERS & GENERAL INS. CO. v. DANIEL.

### No. 3615.

Court of Civil Appeals of Texas. El Paso.

Feb. 3, 1938.

Claude Williams' and Lightfoot, Robertson, Saunders & Gano, all of Fort Worth, and King, Mahaffey & Wheeler, of Texarkana, for appellant.

William V. Brown, of Texarkana, for appellee.

WALTHALL, Justice.

This is a workman's compensation suit brought by appellee, J. L. Daniel, as plaintiff, against the Traders & General Insurance Company, appellant, to recover compensation insurance under the Workmen's Compensation Law of this state. Vernon's Ann.Civ.St. art. 8306 et seq.

At the time of the injuries complained of appellant was the insurance carrier of the International Creosoting & Construction Company, for whom J. L. Daniel was working as a common laborer, and while engaged in rolling poles off of a stack of poles in his employer's yards in Bowie county, one of the poles rolled from the stack of poles and struck Daniel. As a result of being struck by the pole, Daniel alleged that he received a fractured skull, resulting in paralysis to the right side of his face, right eye, his nose, loss of hearing in his right ear, and loss of vision in his right eye, cannot close his right eye, his face is disfigured, and other injuries we need not state, and that; as a result of his said injuries, Daniel alleges that he is totally and permanently incapacitated and disabled from work; that he suffers pain and misery in his head, and that he is unable to stoop or lift anything without causing him bodily pain; and by cross-action seeks to set aside the action of the board.

Appellee and appellant agreed in open court that, if any damage be due the appellee, his compensation rate would be $7 per week.

Appellee asked that his compensation be paid to him in a lump sum.

Appellant filed its answer and cross-action, demurred generally to appellee's petition, pleaded certain special issues followed by a general denial and cross-action, and seeks to set aside the award of Industrial Accident Board.

Trial was had with a jury. The court refused, at appellant's request, to instruct the jury in appellant's favor. The case was submitted to the jury on special issues, and on the return of the verdict judgment was entered as found by the jury, and in the sum of $2,073.35, less $189 theretofore paid plaintiff.

Appellant's motion for a new trial was overruled, and the case is before us on appeal.

### Opinion.

On special issues submitted the jury found from a preponderance of the evidence that J. L. Daniel sustained total incapacity to labor on account of the injuries received by him, while working for the International Creosoting & Construction Company on or about the 16th day of December, 1935, and that such incapacity to labor was permanent, and found that

Daniel was entitled to receive payment in a lump sum.

The jury failed to answer the following special issues submitted at the request of appellant:

"4. At what length of time, if any, do you find from a preponderance of the evidence, that plaintiff's total incapacity to labor, if any, has continued or will continue after the 16th day of December, 1935? Answer in number of weeks, if any.

"5. Do you find from a preponderance of the evidence that the plaintiff, J. L. Daniel, sustained any partial incapacity to labor as a result of the injuries, if any, received by him on December 16, 1935? Answer yes or no.

"If you have answered issue No. Five 'yes,' and in that event only, then answer the following special issue:

"6. Do you find from a preponderance of the evidence that such partial incapacity, if any, to labor is permanent? Answer yes or no.

"If you have answered special issues Nos. Five and Six 'yes,' and in that event only, then answer the following special issue:

"7. What do you find from a preponderance of the evidence is the extent or degree of said permanent partial incapacity to labor, if any, sustained by the plaintiff as a result of the injuries, if any, received by him on December 16, 1935? Answer in number of per cent.

"If you have answered special issue No. Six 'yes,' then you need not answer this issue, but if you have answered special issue No. Six 'no,' then answer this issue:

"8. For what period of time, if any, do you find from a preponderance of the evidence said partial incapacity to labor, if any, sustained by the plaintiff, J. L. Daniel, as a result of said injuries, if any, has continued or will continue after the beginning of such partial incapacity, if any? Answer in number of weeks, if any.

"If you have answered No. Six 'yes,' then you need not answer this issue; but if you have answered special issue No. Six 'no,' then answer this special issue:

"9. What do you find from a preponderance of the evidence is the extent or degree of such partial incapacity, if any, during such partial incapacity, if any? Answer in number of per cent."

Appellant by several propositions submits that the above unanswered issues being appellant's defensive issues raised by the pleadings and the evidence, and being material issues of partial incapacity as opposed to total and permanent incapacity, and having been submitted to the jury by the court, a failure to answer the issues by the jury in their verdict, the court was without power to enter any judgment based on the jury's verdict, but should have declared a mistrial on appellant's motion filed prior to the rendition of the judgment.

Appellee sustained his injuries on December 16, 1935. The trial of the case was had in the court in October, 1936. Much of the evidence refers to the physical condition of appellee and the condition of his injuries at the time of the trial.

The evidence as to the injuries sustained by appellee at the time they were sustained, and thereafter until and at the time of the trial of the cause in the court, is too extensive to quote here. We say only that the pleadings and the evidence are such as to justify the submission of the issues which the court submitted to the jury, both those upon which the jury made findings and those upon which the jury did not make findings.

We have reviewed the cases referred to by counsel in the able and helpful briefs filed in this case. As we view the cases, as said by Judge Higgins, in Traders & General Insurance Company v. Shanks, Tex.Civ.App., 83 S.W.2d 781, 782 (writ refused), "it would be difficult to reconcile the cases and we shall not attempt to do so."

In Texas Employers Insurance Association v. McNorton, Tex.Civ.App., 92 S.W.2d 562, a similar case in the issues presented here, the Supreme Court granted a writ of error on the conflict in the holdings of the courts on the issue presented here, and until that court definitely states the law to be otherwise, we have concluded to adhere to the law as expressed by this court in the Shanks Case, supra, the cases there referred to, and in Traders & General Insurance Company v. Babb, 83 S.W.2d 778, by this court.

The court having submitted the defensive issues of partial incapacity, and the pleading and evidence being sufficient to justify the submission of the issues, and the jury having failed to answer the issues

338

submitted, same being material issues, the court was not authorized to render judgment on the issues answered, but the jury should have been returned for further consideration, and, on failure to agree, a mistrial should have been declared. Texas Employers' Insurance Association v. Horn, Tex.Civ.App., 75 S.W.2d 301, and cases there referred to. See, also, Copeland v. Brannan, Tex.Civ.App., 70 S.W.2d 660. For reasons stated, the case must be reversed and remanded.

Appellant submits propositions other than those discussed. We think it is not necessary to discuss them. They refer to specific injuries received, such as injury to the eye, loss of hearing, injury to the nose and face, etc. All of the injuries complained of were received at one and the same time, and constitute one injury. Several of the injuries sustained taken apart from the others would not result in total and permanent incapacity, but grouping and taking into consideration the several effects of the one injury is the way the jury was to consider it.

The case is reversed and remanded.