## TRADERS & GENERAL INS. CO. v. DANIEL.

### No. 3861.

Court of Civil Appeals of Texas. El Paso.

July 13, 1939.

Rehearing Denied July 29, 1939.

Lightfoot, Robertson, Gano & Johnston, of Fort Worth, for plaintiff in error.

William V. Brown, of Texarkana, for defendant in error.

WALTHALL, Justice.

This is the second time this case has been before this Court. On the first appeal the case was reversed and remanded, Tex. Civ.App., 114 S.W.2d 336.

Defendant in error adopts as substantially correct the statement of the case as made by plaintiff in error. While the pleadings of the parties are substantially the same as on the former trial we think that, in view of some of the issues presented, it is necessary to state the case more fully than on the former appeal, adopting the facts as in appellant's brief, but more briefly.

The suit is brought by J. L. Daniel, as plaintiff, against Traders & General Insurance Company, as defendant, to set aside the award of the Industrial Accident Board and to recover compensation under the Workmen's Compensation Law, based upon pleading and the theory that plaintiff sustained an injury in the course of his employment as a common laborer with the International Creosoting & Construction Company on December 16, 1935, while engaged in rolling poles on the yards of his employer, which poles were stacked on skids, and while plaintiff was rolling one of said poles, thirty-five feet in length, off the stack of poles, said pole rolled from the stack of poles onto plaintiff and struck plaintiff on the back of his head, rendering him unconscious, fracturing his skull, resulting in paralysis to the right side of his face, right eye, his nose, loss of hearing in his right ear, loss of vision in his right eye; plaintiff received a concussion of the brain, fracture of the nose, and that as a result of said paralysis and said injuries plaintiff cannot close his right eye; that his nose is twisted; that when he laughs or smiles his mouth runs up one side of his face; that as a result of said injuries plaintiff has been totally and permanently incapacitated and disabled from work, produced by said injuries; that he suffers pain in his head, ear and face as a result of said injuries; that he is unable to stoop or lift anything without bodily pain; that on said December 16, 1935, his said employer was engaged in business embraced within the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., was an employer of labor and had in its employ three or more employees; that his said employer was a subscriber to and under the terms and provisions of said Compensation Act, and had been prior to said December 16, 1935, taking out a policy of compensation insurance with the defendant, which policy was in force and effect at the time plaintiff received his said injuries; that on and prior to December 16, 1935, plaintiff was under a verbal contract

of hire to and with his employer company in Bowie County, Texas; that at the time of the injuries herein complained of plaintiff was working forty hours per week and was being paid therefor $10 per week; that prior to his said injuries plaintiff was a strong, healthy man, capable of doing all kinds of hard manual labor, but that since receiving said injuries he has not been able to work or earn any money, or earn a livelihood, but has been totally incapacitated from performing labor, and that he is so incapacitated from ever again performing any work; that he is still under the care and treatment of a physician.

Plaintiff alleged that if his average weekly wage and compensation rate cannot be fixed and determined as set out, then he alleges that same should be fixed and determined by the Court in any way or manner the Court might deem fair and equitable to all parties.

Plaintiff presented his claim for compensation to the Industrial Accident Board, and in his suit seeks to set aside the action of the Board.

Plaintiff alleges that to prepare and present his claim, and to prepare and present his claim in this suit, he retained as his attorney, William V. Brown, of Texarkana, and agreed with him to pay, for his services herein, the maximum amount prescribed by law, which plaintiff alleges to be fair and reasonable.

We think that in view of the issues presented here we need not further state the allegations and matters in plaintiff's petition.

Defendant answered by demurrers, general and special, general denial and cross action to set aside the award of the Board, and other matters we need not state.

The court overruled defendant's demurrers, and submitted the case to the jury on special issues.

On the issues submitted the jury found:

1. Plaintiff sustained total incapacity to labor on account of the injuries received by him while working for the defendant company on or about December 16, 1935.

2. That such total incapacity to labor is permanent.

3. That this is a case in which a manifest hardship and injustice will result to the plaintiff if the defendant company fails to redeem its liability to the plaintiff by the payment of money owing to him in one

lump sum rather than in weekly installments.

4. Plaintiff's total incapacity to labor will continue and is permanent.

5. Plaintiff sustained no partial incapacity to labor as a result of his injuries.

6, 7, 8 and 9 submitted conditionally and were not answered.

10. The average weekly wage of plaintiff at the time of his injuries was $10 per week.

11. Plaintiff's incapacity to labor is not due solely to disease.

The Court found that defendant had theretofore paid plaintiff 26 weeks' compensation at the rate of $7 per week, amounting to $182, and rendered judgment for plaintiff for $2,364.32, as the present value of 375 weeks' compensation, and in a lump sum, and for all costs.

The Court overruled defendant's motion for a new trial, and defendant appeals by writ of error.

### Opinion.

We will designate the parties as plaintiff and defendant, as in the trial court.

Defendant filed assignments of error, and presents here fourteen propositions for consideration. They submit that the evidence conclusively shows that plaintiff did not sustain total and permanent incapacity to labor as a result of the injuries complained of, and that the trial court erred in refusing to give to the jury defendant's requested peremptory instruction to return a verdict in its favor; that the uncontradicted evidence shows that between the date of the alleged injury and the date of the trial in the District Court, plaintiff had been performing various and sundry jobs of labor for which plaintiff had drawn, and, at the time of the trial, was drawing wages as a workman and laborer; that for want of sufficient evidence the Court was in error in submitting the issue, and the jury in finding on the issue, of payment in a lump sum.

The evidence is too extensive to quote here at length. After stating the manner of handling the poles and stating the injuries he received, substantially as stated above, plaintiff testified as to the effect of the injuries:

That lifting any heavy object causes severe pain in his head and neck, a smothering and fainting feeling which leaves him just a nervous, weak wreck. "I have to either catch to something or go sit down or lay down until I rest up and recuperate from it"; was perfect before the injuries, was performing manual labor all the time; does not know how to do anything else; all of his present condition was the result of the injuries sustained; has no property or money, nor anybody that can support or take care of him; earns his living by manual labor; is married and has one child; since his injury has had no private employment outside of P.W.A. or W.P.A. work, and is attempting to do that now, digging holes on a sanitary project and where it is necessary to lift heavy objects, a Federal project; does not feel able to do the work, but it is the only way witness has of supporting his family; the effect of the work causes witness to be nervous and have headache which remains, at times, all night, to relieve which plaintiff uses aspirin tablets, coffee, etc.; witness rarely has a night's rest; witness said he could not hold a job with private employment in his condition. Plaintiff can lift or assist in lifting one or two of those slabs (in his present work), but not after that; it "smothers" witness down, leaves him nervous and weak, he has to sit or lie down; that condition grows worse; can see out of the injured eye about one-half as well as the uninjured eye; was thirty-one years old when injured; the P.W.A. job paid plaintiff $29 per month; did not find other work he could do when he went on the P.W.A. job.

R. S. Kinsworthy testified: Was working at the same plant at which the plaintiff was injured; testified practically as did plaintiff to the cause of plaintiff's injury; picked plaintiff up and helped him off the yard; pole struck plaintiff on back of the head and forced him to the ground, a green pole 35 feet long, weighed about 1000 pounds; mashed his head into the ground; his face and eyes were bloody and dirty; plaintiff was a good workman, strong, quick and able-bodied; since the injury plaintiff has slowed down, "hasn't got the step."

Is working in same crew with plaintiff on the W. P. A.; plaintiff "is not capable of doing his work," "is not able to do it"; "when he would help lift one (slab) to put on the truck then he would go down, he wasn't able, he would give way, he couldn't pick up the second, and we would tell him to stand back and us boys would do the work; he would turn pale like and sickening"; in digging the holes "he just couldn't make it"; he complained of hav-

ing headache every day, it would make him sick and he would go and take an aspirin tablet and come back and do what he could—he was willing to do it.

A. M. Birtcher testified: Worked with plaintiff in a crew on the W. P. A. job; have observed him in his work; do not think he can do the work, building those pit toilets; is not able to lift, gets out of breath and is nervous, turns pale and is fainty; starts digging and in no time has to come out (of the pit) and rest, comes out sick and shaky; the other employees favor him.

Dr. J. F. Williams testified: Qualified as physician and surgeon. Had practiced fourteen years. Plaintiff came to witness for treatment. "Q. At the time he came to you—I will ask you whether or not you got a history of his injury? A. Yes, I did." "Q. State what that was."

Defendant objected "to any statement of any history of the case as given by the plaintiff, as a self-serving declaration and inadmissible."

The Court: "I believe the rule is that where he goes for treatment that the history of the case is admissible, is my recollection about it."

Objection overruled; defendant excepts.

The witness then stated the history of plaintiff, of how he received his injuries on December 16, 1935, substantially the same as stated by plaintiff and other witness above. Witness stated plaintiff's appearance as witness observed him. Witness' statement of each of plaintiff's injuries was substantially as stated above. Witness had made an examination of plaintiff and based upon his examination and physical findings, Dr. Williams testified that he did not think plaintiff was capable of doing hard manual labor; that he should not do manual labor, such as rolling logs or digging ditches. The reason given: plaintiff cannot hear, he cannot see, it makes him nervous, there is more or less pain. Witness said: "I don't think any company or anybody would want a man in his condition to work for them under those handicaps." Had treated plaintiff from the time he received his injury, had noticed no improvement, his eye has gotten worse, his loss of vision is one-half; is two-thirds deaf in his ear.

We have stated only in brief outline the testimony on the facts at issue, that is, in determining whether the evidence is sufficient to justify the submission to the jury of whether the injuries sustained by plaintiff, as alleged, so impaired his physical condition that he is unable, by reason of such impaired condition, to secure and hold employment for physical labor; that is, whether plaintiff, by reason of such injuries on the occasion in question, sustained total incapacity to labor, and whether such incapacity is permanent, as submitted by the Court and found by the jury. Aetna Life Insurance Co. v. Bulgier, Tex.Civ.App., 19 S.W.2d 821, writ refused; Texas Indemnity Ins. Co. v. Gannon, Tex.Civ.App., 38 S.W.2d 181, 182, dismissed; Traders' & General Ins. Co. v. Nunley, Tex.Civ.App., 82 S.W.2d 715; Texas Emp. Ins. Ass'n v. Neatherlin, Tex. Com.App., 48 S.W.2d 967.

Plaintiff's incapacity and efficiency to work, evidently, are not the same as before the injury, and we think it is an issue to be determined by the jury under the evidence, the extent of his disability.

There seems to be no fixed rule of evidence by which a claimant is required to establish the fact that he has suffered an injury that caused permanent total disability. 45 Tex.Jur., p. 589, par. 162. The rule seems to be that where it can reasonably be inferred from the evidence that the plaintiff's injuries are permanent and totally disable him from performing his usual tasks of a workman in such way as to enable him to procure and retain employment, a verdict in his favor on the issue of total permanent incapacity will be affirmed. 45 Tex.Jur., p. 592, par. 163, and the many cases referred to under Note 11, without noting them here.

The opinion of Judge Short, speaking for the Commission of Appeals, in Davies v. Texas Employers Ins. Ass'n, 29 S.W.2d 987, 988, fairly illustrates and sustains the rule above stated.

Where an injured workman who goes out under stress of circumstances and labors, such effort does not, in our opinion, as a matter of law, deprive him of his right to compensation for total permanent incapacity. In the opinion Judge Short says: "While the testimony we have stated tends to show that the employee had not suffered a total incapacity for work, as a proximate result of his injuries, it is not of that * * * character which, as a matter of law, has the legal effect to nullify the testimony which tends to show

that he had so suffered. The jury exercised its privilege to decide the issue presented from all the facts in evidence adversely to the defendant in error, and, the verdict being supported by substantial testimony, we are compelled to overrule these assignments."

We think the evidence is sufficient to sustain the jury's findings on all the issues submitted.

·We have considered all the propositions presented and not discussed, and in our opinion they do not show reversible error. They are overruled.

The case is affirmed.