**TRADERS & GENERAL INS. CO. v. ANDERSON.**

**No. 10021.**

Court of Civil Appeals of Texas. Austin.

Feb. 13, 1952.

Rehearing Denied Feb. 27, 1952.

Turner & Seaberry and Virgil T. Seaberry, Jr., all of Eastland, for appellant.

White & Yarborough, Donald V. Yarborough, all of Dallas, for appellee.

ARCHER, Chief Justice.

This is a compensation case. J. C. Anderson, Jr., is the employee; St. John Drilling Company, the employer; and Traders & General Insurance Company, the insurance carrier. The district court awarded plaintiff a lump sum judgment for total and permanent disability, and appeal has been duly perfected from such judgment.

Plaintiff alleged that on November 17, 1949, he was struck on the right foot by a heavy boomer chain; that he was at the time a diabetic; that the injury to his foot would not heal because of his diabetic condition; that such injury resulted in his total and permanent disability.

Defendant alleged that it had paid plaintiff the sum of $375.00, which was all the compensation he was entitled to; that the injury was a specific injury confined to his big toe on his right foot or at most to his right foot below the knee; that plaintiff had wholly recovered from such injury; that the disability was partial, not total, and temporary, not permanent; and a general denial.

The case was tried before a jury and submitted on special issues. The judgment entered was based on the verdict returned by the jury.

The appeal is before this Court on six points. Points one and two are that the court erred in overruling defendant's objection to the introduction in evidence the answers of Dr. M. D. Fry to direct interrogatories Nos. 23 and 24, who testified that the plaintiff was totally disabled for the performance of manual labor at all times he had seen him, and that the plaintiff was permanently disabled for the performance of manual labor at all times he had seen him.

Plaintiff introduced in evidence, over defendant's objections, the following questions and answers from the direct interrogatories propounded to Dr. M. D. Fry, witness for plaintiff:

"23. Please state whether or not in your opinion J. C. Anderson, Jr., was totally disabled for the performance of manual labor at all times you have seen him?

"A. Yes, he was.

"24. Please state whether or not in your opinion J. C. Anderson, Jr., was permanently disabled for the performance of manual labor at all times you have seen him subsequent to the first visit?

"A. It was my opinion at all times that I have seen him that he was permanently disabled."

Objections to the introduction of such answers were made by defendant and overruled.

The issues submitted were as follows:

"Special Issue No. 6

"If you have answered Special Issue No. 5 by 'yes' and in that event only, then you will answer this issue:

"Do you find from a preponderance of the evidence that Plaintiff's incapacity to work, if any, was total for any length of time? Answer 'yes' or 'no'.

"Answer: Yes.

"Special Issue No. 7

"If you have answered Special Issue No. 6 by 'yes', and in that event only then you will answer this issue:

"Do you find from a preponderance of the evidence that such total incapacity, if any, was or is temporary or permanent? Answer either, 'Temporary' or 'Permanent'.

"Answer: Permanent."

The objections to these questions were made in the following manner:

"We make our same objection to question No. 23, Your Honor", and:

"Your Honor, we make our same objection to question No. 24."

Previously the appellant had objected to certain testimony, as follows: "Mr. Seaberry: Your Honor, we object to reading question No. 20 and the answer thereto in that such question is leading, misstates the law as regards disability in a workmen's compensation case and therefore prejudicial to the defendant", which objection was sustained.

We overrule assignments Nos. 1 and 2.

■ Dr. Fry testified by deposition, and after answering questions with respect to his qualifications and to the fact that he had seen and examined appellee, the question under review and his answers were read to the jury. We believe that the testimony of Dr. Fry and his opinion as to the nature, extent and duration of such injuries were admissible. Federal Underwriters Exchange v. Cost, 132 Tex. 299, 123 S.W.2d 332.

Assignments Nos. 3, 4, 5, and 6 are to the effect that the jury's answers to Special Issues Nos. 7, 9, 13, and 14 are not supported by the evidence and are so contrary to a great preponderance of the evidence as manifestly to have been the result of bias and prejudice.

Special Issue No. 7 inquired if such total incapacity, if any, was or is temporary or permanent. The answer was permanent.

Special Issue No. 9 inquired if plaintiff's incapacity to work, if any, was or is partial for any length of time, and the answer was "No."

Special Issue No. 13 inquired if plaintiff's injury extended to or affected other portions of his body than his right foot and leg, and the answer was "Yes."

Special Issue No. 14 is as follows:

"Do you find from a preponderance of the evidence that Plaintiff's incapacity, if any, is not solely the result of his diabetic

condition? Let the form of your answer be: 'It is not solely the result of his diabetic condition' or 'It is solely the result of his diabetic condition.'

"Answer: It is not solely the result of his diabetic condition."

Appellant admits that plaintiff was injured in the manner complained of and should have compensation from the date of injury to February 10, 1950, but contends that after such date plaintiff had fully recovered from the injury and any present disability is due to his diabetic condition, or that he had only a slight, temporary, partial disability, or that such disability was confined to his right foot below the knee, or to the great toe of the right foot. Appellant further conceded that at the time of the trial plaintiff had a gangrenous spot on his right foot near the great toe, but is the result of his diabetic condition unconnected with the accident.

Testifying as a witness for defendant Dr. E. F. Meredith, the first physician to see and treat appellee, testified that when he last saw appellee on February 10, 1950, his foot had healed entirely, that everything was well as far as his foot was concerned.

Dr. W. R. Snow testified that such gangrene as plaintiff had could heal, that gangrene could develop without trauma.

Dr. Snow, testifying as a witness called by plaintiff, testified that in his opinion plaintiff was totally and permanently disabled, and that his condition was brought about by injury, and that the injury affected parts of his body other than his right foot, such as his entire right lower extremity, right hip and back, high-low back region, and caused him pain and rendered him nervous and unable to work.

The plaintiff testified that he worked 12 or 14 days after he was injured, when he had to quit because he could not get around, that his foot swelled and inflammation set up in it, that he has not been free of pain since the injury, and the swelling in his foot continued, that there was pus in the ball of his foot underneath at the same part where the chain hit; that he has not worked since December 1, 1949.

Dr. M. D. Fry testifying by deposition, as a witness for plaintiff, stated that he first saw the plaintiff on April 10, 1950, again on April 24 and November 9, 1950, and April 5, 1951, and examined him on each occasion; that the plaintiff's right foot was swollen, the toes had little feeling in them, that there was a scar around the bone of the toe; and that in his opinion the plaintiff was totally disabled from the performance of manual labor at all times he had seen him, and that the plaintiff was permanently disabled for the performance of manual labor at all times he had seen him.

■ We believe that the evidence as a whole raised a fact issue as to the extent and duration of plaintiff's disability, which fact issues were determined adversely to appellant and should not be disturbed.

■ Then, too, the fact that the plaintiff was not a well man at the time he was injured, and that the injury he received would not have had the effect it has had but for plaintiff's diabetic condition does not give the defendant a defense.

In the case of Commercial Standard Insurance Company v. Noack, Tex.Com. App., 62 S.W.2d 72, 74, Par. 7, the Court said: "In connection with the above we hold that it is the settled law of this state that liability for damages for personal injury cannot be avoided by merely showing that the person injured was not a well person at the time of injury. Stated in another form, where injury is sustained by an employee in the course of his employment which results in his disability within the meaning of our Compensation Law, compensation therefor will not be denied, notwithstanding said injury is aggravated or enhanced by the effect of diseases existing at the time, or afterwards occurring." · Liberty Mutual Insurance Company v. Murphy, Tex.Civ.App., 205 S.W.2d 398.

The judgment of the trial court is affirmed.

Affirmed.