The **INSURANCE COMPANY OF TEXAS,**
Appellant,

v.

**Joe ANDERSON, Appellee.**

No. 3224.

Court of Civil Appeals of Texas.

Waco.

Nov. 18, 1954.

Rehearing Denied Dec. 2, 1954.

Blakeley & Williams, Houston, J. Alex Blakeley, Dallas, for appellant.

O'Dowd & O'Dowd, Waco, for appellee.

McDONALD, Chief Justice.

This is a compensation case. Parties will be referred to as in the Trial Court. Plaintiff alleged injuries to his left arm and shoulders on 25 November 1953, and that such injuries resulted in total and permanent disability. Trial was to a jury, which found that plaintiff was totally incapacitated for work as a result of the accident and would be totally incapacitated for 260 weeks. Based on the above, and a wage rate stipulation, the Trial Court entered judgment for plaintiff for $6,500 (being total disability for 260 weeks at $25 per week).

Motions for New Trial were overruled and defendant insurance carrier appeals, contending that the plaintiff recovered for a general injury when the undisputed evidence was that plaintiff's injuries were confined to his left hand and did not extend to and affect his body generally—or in the alternative, that the finding to the contrary is unsupported by sufficient evidence and is so against the weight and preponderance of the evidence as to be manifestly unjust.

The controlling question for determination in this case is whether or not the evidence is such as to sustain the finding of a general injury, and if so whether same resulted in total disability for 260 weeks.

The record reflects that the plaintiff testified that his injuries were sustained when a bar knocked his hand over against a track which conveyed rock and sand, which track caught his hand and drug it upward; that bones in his hand were broken; that it pulled his shoulder and hurt him clear into

his neck; that he told the doctor about his shoulder hurting; that the doctor put his hand in a cast and put a steel rivet through his finger with a wire and rubber tied to it which kept his hand pulled out; that he carried it that way for six weeks; that it was two months before the cast was taken off; that it hurts in his shoulder; that when he goes to do something it's a strain and hurts in his shoulder and neck; that he had been totally disabled since the accident (date of the accident 25 November 1953; date of trial 21 June 1954); that he wasn't able to work because every time he went to lift anything he suffered pain in his arm, shoulder, and in the back of his neck; that he has not been getting any better since 11 May 1954; that his condition stays about the same; that he is unable to do any character or kind of work now (date of trial).

■ From the foregoing summation it is our conclusion that a question of fact was raised as to whether plaintiff's shoulder and neck were injured in the accident. The jury had a right to believe plaintiff's testimony, and believing it, had a right to find him disabled as they did. See Texas Employers' Ins. Ass'n v. Scott, Tex.Civ.App., 46 S.W.2d 348, W/E Refused; Oilmen's Reciprocal Ass'n v. Harris, Tex.Civ.App., 293 S.W. 580. There is no fixed rule of evidence by which a claimant is required to establish the fact that he has suffered an injury that caused permanent and total disability. See Traders & General Ins. Co. v. Daniel, Tex.Civ.App., 131 S.W.2d 276; 45 Tex.Jur. p. 589, par. 162. The duration and extent of disability received from an injury is at best an estimate which must be determined by a jury from all the pertinent facts before it. See Employers Reinsurance Corporation v. Jones, Tex.Civ.App., 195 S.W.2d 810, Ref.N.R.E.; Western Casualty & Surety Co. v. Mueller, Tex.Civ.App., 169 S.W.2d 223, Ref.W.O.M.

■ The issue as to disability may be established by the plaintiff alone, and this is true even though his testimony may be contradicted by a medical witness. See 45 Tex. Jur. p. 592, Sec. 163; Lott v. American Surety Co. of New York, Tex.Civ.App., 140 S.W.2d 928; National Life and Accident Co. v. Muckelroy, Tex.Civ.App., 40 S.W.2d 1115; Southern Underwriters v. Stubblefield, Tex.Civ.App., 108 S.W.2d 557.

■■ It is elementary that the testimony in support of a verdict must be weighed to the exclusion of any evidence of a contrary import, and that under this rule the plaintiff's testimony must be given exclusive consideration in determining the sufficiency of the evidence in support of the verdict. Any vagueness or inconsistency therein or any conflict with the testimony of other witnesses merely raises questions of fact to be determined by the jury. Williams & Chastain v. Laird, Tex.Civ.App., 32 S.W.2d 502, Writ Refused.

■ Further, the jury was the sole judge of the credibility of the witnesses, and the weight to be given their testimony. The reviewing court must consider the evidence most favorable to the prevailing party, and whether or not there is *any evidence* which supports the jury's findings; and the jury's findings must be upheld unless clearly contrary to the overwhelming weight of the evidence. Texas Employers' Ins. Ass'n v. Rollins, Tex.Civ.App., 257 S.W.2d 851; Van v. Webb, Tex.Civ.App., 237 S.W.2d 827, Ref.N.R.E.; Texas Employers' Ins. Co. v. Locke, Tex.Civ.App., 224 S.W.2d 755, Ref.N.R.E.; Traders & General Ins. Co. v. Anderson, Tex.Civ.App., 246 S.W.2d 290, Writ Refused; Texas Employers Ins. Ass'n v. Hevolow, 136 S.W. 2d 931, Dis., judg. correct; Traders & General Ins. Co. v. Rischer, Tex.Civ.App., 210 S.W.2d 652, Ref.N.R.E.

■ From the record in this case and the authorities cited, we believe that a jury question as to a general injury was raised, and that there is ample evidence to sustain the jury's findings both as to general injury and duration of disability.

All of defendant's points have been carefully considered and finding no reversible error, the judgment of the Trial Court is affirmed.