## MIDWESTERN INSURANCE COMPANY, Appellant,

v.

## Mrs. James Franklin VALENTINE, Appellee.

### No. 14304.

Court of Civil Appeals of Texas.

Houston.

July 9, 1964.

Rehearing Denied Sept. 24, 1964.

Vinson, Elkins, Weems & Searls, Sam W. Davis, Jr., Houston, for appellant.

Hicks, Dollahon & Wohlt, Willard E. Dollahon, Houston, for appellee.

COLEMAN, Justice.

This is a workmen's compensation case prosecuted by a widow and minor children, who are seeking benefits for total disability for the period from November 4, 1960, the date of an alleged injury to James Valentine, to the date of his death, November 16, 1961. The case was tried to a jury, and, based on its verdict, a judgment was entered for the plaintiffs.

Essentially appellant seeks to reverse this judgment on the ground that the evidence does not support the verdict since there is no testimony that in reasonable medical probability the accidental fall suffered by James Valentine resulted in the severe hypertension which caused his death.

There is evidence that on November 4, 1960, Valentine fell, striking his back on a pipe, causing a large bruise. He developed pain in his back which became so severe that seven or eight days after the fall he went to a doctor, who ordered hospitalization for testing and prescribed pills for pain. He was never able to work after that time. On January 1, 1960, before he was employed by the Wanda Petroleum Company, he was given a physical examination and was in good physical condition. Prior to the fall he testified that he had never had any back or kidney trouble; that he had never had any severe headaches or extreme high blood pressure, and had never been seriously ill.

After his first visit to the doctor the testimony reflects that he was in pain up to the date of his death. On February 14, 1961, he was admitted to the Veteran's Administration Hospital, at which time he was suffering pain in his back and shoulders and tests indicated high blood pressure. He left the hospital in March and then returned in June suffering from severe headaches as well as back pain.

Doctor Rochelle, who treated Valentine at the Veteran's Hospital, testified that when he first examined him in February, 1961, he complained of headache, pain in back and neck and loss of thirty pounds in weight. He made a tentative diagnosis of severe essential hypertension. He testified that in 80% to 90% of cases the doctor does not know what causes the hypertension, but when there is a demonstrable cause it commonly is kidney damage. He testified that a blow to the kidney could cause hypertension, and that the symptoms exhibited by Valentine were consistent with physical damage to one or both of his kidneys. He also testified that in his opinion the accident in question could very well

have been the motivating factor or cause of his hypertension. He found no evidence of infection caused by germs or disease of any kind, nor of a tumor or a brain injury, which might be the cause of the high blood pressure, and these factors narrowed the possibilities to essential hypertension or kidney damage.

This testimony clearly supports the answers made by the jury to the issues submitted to them. James Valentine died prior to the trial of this case. The testimony of the doctor necessarily referred to a condition in existence rather than to a future condition. Medical testimony is admissible as to the possibility that a condition already in existence was caused by a prior injury. The duration and extent of disability must. be determined by the jury from all the pertinent facts, but their answers to such issues may be supported by the testimony of the claimant alone. American General Insurance Company v. Florez, Tex.Civ.App., 327 S.W.2d 643; Insurance Company of Texas v. Anderson, Tex.Civ.App., 272 S.W.2d 772, ref. n.r.e.

After a careful review of all the evidence, we find that none of the answers made by the jury are so contrary to the weight and preponderance of the evidence as to be clearly wrong.

The judgment is affirmed.