## WESTERN CASUALTY & SURETY CO. v. MUELLER.

### No. 11245.

Court of Civil Appeals of Texas. San Antonio.

Feb. 10, 1943.

Rehearing Denied March 10, 1943.

John C. North, of Corpus Christi, for appellant.

Pichinson & Alsup, of Corpus Christi, for appellee.

NORVELL, Justice.

This is a Workmen's Compensation case. Western Casualty & Surety Company, the insurance carrier, has appealed. It is asserted that there was no evidence and insufficient evidence to show that the relationship of employer and employee existed between Empire Boat and Dock Com-

pany and Aug. Mueller, the appellee, at the time of Mueller's injury.

It appears that Empire Boat and Dock Company entered into a written agreement with one W. B. Speegle whereby Speegle undertook to launch a boat for the Company. Mueller was one of Speegle's employees. Insofar as the written agreement was concerned, Speegle occupied the position of an independent contractor.

However, there is evidence that Speegle ran into difficulties in connection with the launching of the boat, and that as a result thereof Frank Brady, an executive of the Boat Company, furnished certain additional equipment to Speegle. There is a conflict of testimony as to whether or not the launching of the boat was completed under the original contract. Brady testified that it was; Speegle, however, testified, in effect, that Brady assumed direction of the launching; that the original contract was abandoned by mutual consent, and Speegle continued on the job under a new arrangement, holding a position similar to that of a foreman for Empire Boat and Dock Company. Assuming Speegle's testimony to be true, it follows that Mueller was an employee of the Boat Company at the time of his injury.

 As against the attack upon the jury findings made here we must adopt that view of the evidence most favorable to appellee. Accordingly we hold that the jury's finding has support in the evidence. It is unnecessary to review Speegle's testimony in detail. A discussion of the distinction between the relationship of independent contractor and that of master and servant will be found in two recent Supreme Court cases. See Industrial Indemnity Exchange v. Southard, 138 Tex. 531, 160 S.W.2d 905, and Southern Underwriters v. Samanie, 137 Tex. 531, 155 S.W.2d 359.

It is next asserted that this cause should be reversed because the answer of the jury to Special Issue No. 10, finding that Mueller suffered a fifty per cent partial disability is without evidence to support it.

 The burden of appellant's complaint is that no medical doctor, testifying as an expert, stated that, in his opinion, appellee had suffered a certain percentage of disability. The percentage of disability resulting from an injury is at best an estimate which must be determined by a jury from all the pertinent facts before it, i. e.,

the nature of the injury, the testimony of the injured party as to its effect upon his ability to work, expert medical testimony, etc. We make no attempt to detail the various species or kinds of evidence which may be pertinent to the issue. It is not, however, necessary to the validity of a finding of partial disability that there be contained in the record of the evidence an estimate of an expert medical witness as to the percentage of disability. We hold that the jury's answer to Special Issue No. 10 has support in the evidence.

 Appellant also asserts that Special Issue No. 11 has no support in the evidence. This issue constitutes a rather awkward submission of the weekly wage rate under the first subdivision 3 of Section 1, Article 8309, Vernon's Ann.Civ.Stats. No objection was made to the form of the issue, and we hold that the jury's answer is supported by the testimony. Texas Employers' Ins. Ass'n v. Hamilton, Tex.Civ. App., 95 S.W.2d 767.

What has been said disposes of all of appellant's points on appeal. No reversible error being shown, the judgment of the trial court is affirmed.