COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,

v.

Lonardo VILLA, Appellee.

No. 3368.

Court of Civil Appeals of Texas.

Eastland.

March 21, 1958.

Rehearing Denied June 6, 1958.

Little & Gilliland, Big Spring, for appellant.

Hartman Hooser, Big Spring, Warren Burnett, Mike Berry, Odessa, for appellee.

WALTER, Justice.

This is a workmen's compensation case filed by Lonardo Villa against Commercial Standard Insurance Company. Based on the jury's verdict, judgment was entered in favor of the plaintiff for total and permanent incapacity resulting from an accidental injury sustained by him while in the course of his employment for Guy R. Simmons.

The insurance company has appealed, asserting the court erred (1) in overruling its motion for an instructed verdict (2) in overruling its motion for judgment non obstante veredicto (3) in submitting the issue on fair and just weekly wage (4) in overruling its motion to set aside the jury's answer to the wage rate issue and to declare a mistrial (5) in failing to fix the compensation rate at $9 per week (6) in fixing the compensation rate at $25 (7) in submitting the issue inquiring if the total incapacity was permanent (8) in denying its motion to disregard the jury's answer of permanent incapacity (9) in entering judgment for total and permanent incapacity and (10) in overruling its motion for a mistrial because the jury failed to answer the issue on partial incapacity.

The appellee's wage rate was established under subdivision 3 of Section 1 of Article 8309. It was conclusively established that appellee did not work substantially the whole of the year immediately preceding his injury. Appellant contends there was no evidence or, in the alternative, insufficient evidence to show there was no other employee of the same class as appellee who had worked substantially the whole of the year immediately preceding appellee's accident in the same or similar employment in the same or neighboring place to that in which appellee sustained his accidental injury.

That the burden rests upon the claimant to establish that it is impracticable to fix

his wage rate under subdivision 1 and 2 of said statute before subdivision 3 can be resorted to for that purpose is well settled by the decisions of this state. The only wage rate witness offered was appellee's employer at the time of his injury, Guy R. Simmons.

He testified he was a residential building contractor and had been engaged in that business in and around Howard County and surrounding territory since 1949. He further testified appellee had been employed by him as a laborer and had worked for him off and on for several years and was regarded as a good worker. He further testified as follows:

"Q. Did you have any employees as laborers who worked for you as many as 300 working days during that twelve month period immediately before December 14, of 1956? A. No.

"Q. Now, you didn't have any employees then who worked as many as 300 days, actual working days, during that period? A. No, we don't work that regularly.

"Q. Yes, sir. In the business you are engaged in the work is not sufficiently regular to permit anybody to work as many as 300 days as a laborer for a building contractor, is there? A. No, laborers and carpenters here just don't have that kind of work.

"Q. Either one. As far as that goes, do you know of anybody working as a laborer in connection with construction work who worked as many as 300 days in Howard County during that twelve month period immediately preceding December 14, 1956? A. No.

"Q. The work is just not sufficiently steady to permit that, is it? A. That's right."

Simmons, having been engaged in the building business since 1949, was in a position to know of his own knowledge whether or not laborers in that area had worked as many as 300 days during the year preceding appellee's injury.

The appellant offered no wage rate witnesses, but introduced in evidence the employment record of the appellee which showed that he earned $618.58 in 1956. Appellee's deposition wherein he testified that he made pretty close to $1,000 in 1956 was also introduced in evidence by appellant.

In the case of Texas Emp. Ins. Ass'n v. Ford, 153 Tex. 470, 271 S.W.2d 397, 399, the plaintiff was asked, "Do you know *if* any of those employees had worked for Lay Construction Co. for a period of a year preceding your accident?", and he answered, "No, sir." "Do you know *if* any employees in the same or similar employment in this neighborhood had been working for a year in that type of employment in which you were engaged?", and he answered, "No, sir." In construing this wage rate evidence, Judge Hickman said:

"The substance of that testimony is that the respondent did not know whether any facts existed which would enable the court to determine his average weekly wages under Subsection 2."

But, in the case at bar, which is clearly distinguishable from the Ford case, the wage rate witness testified to facts from which the court could determine that the appellee's wages could not be calculated under subdivision 2.

In the case of American General Insurance Company v. Hightower, Tex.Civ.App., 279 S.W.2d 397, 400, the attorney representing the claimant testified that he had made an extensive investigation in and around the area, where the claimant was injured, and that he did not find any employee engaged in the same type of work as the claimant who had worked substantially the whole of the year next preceding the date of the injury. Judge Long, speaking for the court, said:

"There was no real controversy over the wage rate in the trial court. Therefore, very slight evidence was sufficient to discharge the burden resting upon appellee in showing that his wage rate should be computed under subsection No. 3."

In the recent case of I. C. T. Insurance Company v. Wineman, Tex.Civ.App., 308 S.W.2d 549, 551 (R.N.R.E.—3–12–58), the trial court had submitted issues number 15, 16 and 17 for the purpose of determining the wage rate under subdivisions 1, 2 and 3 of Section 1 of Article 8309. The jury answered issue number 15, but the court refused to accept the verdict because both parties admitted that subdivision 1 was not applicable under the evidence. The court sent the jury back to reconsider its verdict, with the additional instruction to answer special issue number 17 which was the one on fair and just wage under subdivision 3. Issue number 16 was the wage rate issue under subdivision 2. Chief Justice Hamilton, in discussing this case, said:

"In doing so the court necessarily held, as a matter of law, that the evidence showed there were no other employees of the same class as Wineman who worked substantially the whole of the year immediately preceding Wineman's injury."

"The one question involved in all said five points raised by appellant is whether or not the court was correct in instructing the jury to answer Issue No. 17 without requiring the jury to answer Issue No. 16. We have concluded that the court was correct in such instruction. The plaintiff, Wineman, was shown to have been a tool dresser since 1917, and had worked in the oil fields in and around Ector County as a tool dresser for a number of years, and undoubtedly knew many other tool dressers in that area and was in excellent position to know whether or not any tool dressers in that area had worked as many as 300 days in the year preceding plaintiff's injury. He testified that he did not know of anybody that worked as a tool dresser or performed similar type of employment in Ector County or vicinity for as much as 300 days from October 20, 1953, to October 20, 1954."

"It has been held that if one is in a position to know of the existence of a fact, if such fact does exist, but does not know of such fact, such constitutes evidence of probative value. This is especially true when no effort is made by the opposing party to prove the contrary: Dixon v. Texas & P. Ry. Co., Tex.Civ.App., 164 S.W.2d 252 (wr. ref. w.m.)."

"We think that the tendency shown by recent decisions of our courts is to require slight proof to negative section 1, Subdivisions 1 and 2 of said Article 8309, especially where no real contest is made of the wage issues: Transport Ins. Co. v. Cossaboon, Tex.Civ.App., 291 S.W.2d 746; Employers' Liability Assur. Corp., Ltd. v. Manning, Tex. Civ.App., 188 S.W.2d 268 (wr. ref. w.m.); Southern Underwriters v. Boswell, Tex.Civ.App., 141 S.W.2d 442 (which opinion was affirmed by our Supreme Court in 138 Tex. 255, 158 S.W. 2d 280.)"

■ The appellant pleaded partial incapacity; evidence on this defense was introduced and the court unconditionally submitted it, but the jury failed to answer this issue. At the hearing on the motion for a new trial, there was a conflict in the testimony of the attorneys about how the judge read the issues and the jury's answers but the attorneys on both sides testified that before the verdict was officially received and the jury discharged they informed the court they had no objections to the court's receiving the verdict. Appellant's contention that the court erred in failing to declare a mistrial for the reason that the verdict was incomplete because the jury failed to answer the issue on partial

incapacity is without merit. In a case involving almost identical facts our Supreme Court in Lewis in Textas Emp. Ins. Ass'n, 151 Tex. 95, 246 S.W.2d 599, 601, held:

"If the trial judge was to correct the defect he had to do it before the jury was discharged. The policy underlaying our rules is that for most procedural errors to be considered on appeal the defendant must by timely objection give the trial judge a chance to correct his errors. The verdict was received and the jury was discharged before the error was brought to the attention of the trial judge. Defendant contends that it was not required to object until the trial court attempted to enter judgment upon the verdict and that it did timely object to the rendition of the judgment upon an incomplete verdict. This suggested procedure is fundamentally faulty in that it does not allow the trial judge to correct his error before the jury is discharged. The first official act of a trial judge following a jury's return of a verdict in open court is the acceptance of the verdict and discharge of the jury. Under our procedure a party dissatisfied with a verdict has ample opportunity to present the matter to the trial judge before the verdict is officially accepted and the jury discharged. He has the duty to do so. In this situation, where the verdict is not conflicting and finds facts which support all the elements necessary for a judgment, the error is not preserved unless brought to the trial judge's attention in time to have the jury reconsider and complete their verdict."

■ Appellant's points that the court erred in submitting special issue number 3, inquiring if total incapacity was permanent, and in denying its motion to set aside the jury's affirmative answer to this issue and entering judgment that appellee recover for total and permanent incapacity cannot be sustained. It appears from the record that the appellee's medical witness testified that his disability from his accident was 100 percent and that his condition was permanent and he further testified:

"—I would give him total and permanent from the examination I made without x-rays, just on what I found in the leg and back and the pin prick sensation and so forth. I would have given him total and permanent on that, without the x-rays, but the x-rays merely verify that."

The appellee testified that he was 54 years of age and had worked since he was eighteen or nineteen years old; that he had never been injured on a job before; that he had never filed a claim for compensation before; that he returned to work for his employer after the injury and was able to work only about six and a half hours; that his employer laid him off because he was sick; that he didn't think his back and side were getting any better and that he had lost about thirteen or fourteen pounds since his accident.

In the case of Insurance Company of Texas v. Anderson, Tex.Civ.App., 272 S.W. 2d 772, 774; (R.N.R.E.), the court held:

"The jury had a right to believe plaintiff's testimony, and believing it, had a right to find him disabled as they did. See Texas Employers' Ins. Ass'n v. Scott, Tex.Civ.App., 46 S.W.2d 348, W/E Refused; Oilmen's Reciprocal Ass'n v. Harris, Tex.Civ.App., 293 S. W. 580. There is no fixed rule of evidence by which a claimant is required to establish the fact that he has suffered an injury that caused permanent and total disability. See Traders & General Ins. Co. v. Daniel, Tex.Civ. App., 131 S.W.2d 276; 45 Tex.Jur. p. 589, par. 162. The duration and extent of disability received from an injury is at best an estimate which must be determined by a jury from all the pertinent facts before it. See Employers Reinsurance Corporation v. Jones, Tex.Civ.App., 195 S.W.2d 810, Ref.

N.R.E.; Western Casualty & Surety Co. v. Mueller, Tex.Civ.App., 169 S.W.2d 223, Ref.W.O.M.

"The issue as to disability may be established by the plaintiff alone, and this is true even though his testimony may be contradicted by a medical witness. See 45 Tex.Jur. p. 592, Sec. 163; Lott v. American Surety Co. of New York, Tex.Civ.App., 140 S.W.2d 928; National Life and Accident Co. v. Muckelroy, Tex.Civ.App., 40 S.W.2d 1115; Southern Underwriters v. Stublefield, Tex.Civ.App., 108 S.W.2d 557."

The appellee's testimony and the testimony of his medical witness raised a fact issue for the jury as to the duration of his incapacity.

We have considered all points raised by appellant and have concluded that there is no merit in any of them and they are accordingly overruled.

The judgment of the trial court is affirmed.