**Thomas O. GOYNE et al., Relators,**

v.

**Hon. D. Y. McDANIEL et al., Respondents.**

No. 4304.

Court of Civil Appeals of Texas.

Waco.

Oct. 29, 1964.

Rehearing Denied Nov. 19, 1964.

Jones, Boyd, Westbrook & Lovelace, Waco, L. Wayne Scott, Austin, for relators.

Haley, Koehne, Fulbright & Winniford, Waco, for respondents.

WILSON, Justice.

Relators, by motion, seek leave to file petition for mandamus to require the trial judge to render judgment on an incomplete jury verdict. The motion is overruled, and leave is denied.

In a personal injury suit arising out of an automobile collision, 21 special issues were submitted. The jury was able to agree on answers to only eight of these. Those answers which are material found plaintiff was not negligent in any respect submitted; that immediately prior to the collision there was a mechanical failure in plaintiff's automobile; that sudden application of brakes by plaintiff immediately before the collision created an "emergency," defined as "a condition arising suddenly and unexpectedly and not proximately caused by any negligent act or omission" of defendant driver "and which calls for immediate action on his part without time for deliberation"; that after the emergency arose defendant driver did what an ordinarily prudent person would have done under the same or similar circumstances; and the collision was not the result of an unavoidable accident.

Unanswered issues related to defendants' negligence in several respects and to whether such negligence was a proximate cause.

The trial court declared a mistrial, reciting in the order that "the verdict of the jury is wholly incomplete and not legally sufficient to support a judgment."

Defendants say the findings on the issues answered entitle them to judgment, and the unanswered issues should be disregarded.

 "[A] finding on some of the submitted issues does not defeat a litigant's right to have other submitted issues answered, merely because such other answers may be conflicting". Blanton v. E. & L. Transport, 146 Tex. 377, 207 S.W.2d 368, 369. See Panhandle & S. F. Ry. Co. v. Sutton, 125 Tex. 401, 81 S.W.2d 1005, 1007; Le Beau v. Highway Ins. Underwriters, 143 Tex. 589, 187 S.W.2d 73.

Leave to file the petition is denied.

### ON MOTION FOR REHEARING

Relators insist the trial court should be required to enter judgment on the partial verdict because plaintiff, by failing to object to its being received, "waived any right to have unanswered issues answered." They rely on such decisions as Lewis v. Texas Employers' Ins. Ass'n., 151 Tex. 95, 246 S.W.2d 599, 600.

The contention overlooks what is held to be waived under the Lewis rule. The court there said, "The question at bar is not whether the court committed error but whether that error must be preserved by timely objection in order to be reviewed on appeal." There it was the "right to complain of a procedural error" which was waived. The court said refusal to require the unanswered issues to be answered "may have been reversible error". What was there waived was the right to attack a judgment for a procedural error by failure to preserve the error.

What relator asks us to hold is that by failing to require unanswered issues to be answered plaintiff waived the right *not* to have judgment rendered against him; that relators thereby acquired a *right to judgment*. Waiver does not create a right. Southland Life Ins. Co. v. Vela, 147 Tex. 478, 217 S.W.2d 660, 663; Washington Nat.

Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 167, 113 A.L.R. 854. It is the relinquishment of a right. Robison v. Puckett, 145 Tex. 366, 198 S.W.2d 74, 78.

The rule urged applies to judgments rendered; not to the right to require a judgment to be rendered. Panhandle & S. F. Ry. Co. v. Sutton, 125 Tex. 401, 81 S.W.2d 1005. The motion for rehearing is overruled.