Evelne GREENER et al., Appellants,

v.

Herbert GREENER et ux., Appellees.

No. 7692.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 27, 1967.

Rehearing Denied April 3, 1967.

McCown & Sheehan and Louis T. Dubuque, Dumas, Warren Conner, Sealy, for appellants.

LaFont, Tudor, Tunnell, Formby & Reep, Plainview, H. M. LaFont, Plainview, of counsel, for appellees.

CHAPMAN, Justice.

In 1959 Sylvester Greener and Herbert Greener, brothers, were farming rather extensively under a partnership arrangement. On March 2, 1959, they each made application with United Fidelity Life Insurance Company for a $40,000 policy of life insurance on the other. Each policy was duly issued by the company during the same month and premiums paid by each on the policy of the other's life until the death of Sylvester Greener in 1961.

This suit was filed by the surviving widow of Sylvester Greener, Mrs. Eveline Greener, individually, as next friend of her minor children, and as co-trustee with Joe Beseda, the other co-trustee under the testamentary trust of Sylvester Greener, deceased, against Herbert Greener and wife, Linda Greener, seeking to establish a constructive trust upon the proceeds of the above-mentioned $40,000 insurance policy upon the life of Sylvester Greener, deceased, and a section of land to the extent such proceeds were used in its purchase. The case was tried to a jury, which answered eight of the ten issues submitted and then announced in open court they had been unable to answer two issues. The court sent them back to the jury room with instructions to the foreman to sign the verdict. No objections were made by plaintiffs to dismissal of the jury and receipt of the verdict with the two issues unanswered nor does the record show a motion for mistrial. Motion for judgment was filed by defendants on March 23, 1966, after receipt of the verdict and dismissal of the jury on March 19, 1966. Answer to the motion was filed on March 30, 1966, and judgment granted for defendants on April 1, 1966. The first objection of plaintiffs to receipt of the ver-

dict was made in reply to defendants' motion for judgment.

The parties will be hereinafter referred to as appellants and appellees or by their names.

All emphases hereinafter shown are ours.

Appellants contend by brief that after the jury had deliberated "some twelve hours," having "returned once before and been sent back," it would have been useless to return them for further deliberation, therefore, it was not incumbent upon them to object to receipt of the verdict and dismissal of the jury with the verdict incomplete. We are unable to find support in the record for such assertions. Upon the hearing of appellants' motion for new trial the foreman of the jury testified they deliberated "part of one afternoon and then one morning until noon." So, it would appear the period of deliberation by the jury would have been more nearly six hours. Additionally, there is not anything in the record to show a previous report of failure to answer any issues.

The case had taken March 16th, 17th and until it was submitted to the jury during the afternoon of the 18th for the testimony, requiring 354 pages in the statement of facts. It was hotly contested and submitted upon ten special issues making inquiry as to that many separate findings. When the jury reported at noon, March 19th, the court in the presence of counsel read the answers in open court that had been made to the issues. Therefore, appellants at that time knew of the two unanswered issues.

■ Appellants' first point asserts error of the trial court in granting a motion for judgment for the reason that the two un-

answered issues are controlling and must be answered before judgment could be rendered. They seek to distinguish the Lewis rule[1] and the cases which follow it.[2] They rely on Goyne v. McDaniel, 383 S.W.2d 934 (Tex.Civ.App.–Waco, 1964, writ ref'd n. r. e.).

The latter case cited involved an effort to mandamus a trial court to render judgment in a personal injury suit in which the plaintiff had been absolved of negligence by the material contributory negligence issues answered and defendant's driver had been found to have acted as an ordinary prudent person concerning a "sudden emergency" issue. However, unanswered issues related to defendant's negligence in several respects and the corollary proximate cause issues. The trial court recited in its order declaring a mistrial in that case that the verdict was incomplete and insufficient to support a judgment.

Here, as in the Lewis case, no objection was made that the verdict was incomplete. Neither was there an objection made to the trial judge's instruction to the foreman to sign the verdict, that the verdict not be accepted, nor that the jury not be discharged. Only appellants could possibly have benefitted from a reconsideration by the jury of the verdict returned. It was incumbent upon them to preserve any error of the trial court in accepting the verdict as returned, with two issues unanswered. Continental Casualty Company v. Street, supra; Lewis v. Texas Employers' Ins. Ass'n, supra.

The Supreme Court, after stating in effect in the Lewis case that the trial court may have committed reversible error had he refused upon request to require the jury

1. Lewis v. Texas Employers' Ins. Ass'n, 151 Tex. 95, 246 S.W.2d 599 (1952).

2. Continental Casualty Company v. Street, 379 S.W.2d 648 (Tex.1964) ; Thompson v. Graham, 333 S.W.2d 663 (Tex.Civ. App.-Eastland, 1960, writ ref'd n. r. e.) ;

Commercial Standard Insurance Company v. Villa, 313 S.W.2d 627 (Tex.Civ.App.-Eastland, 1958, writ ref'd n. r. e.) ; Boyer v. Gulf, Colorado & Santa Fe Railway Company, 306 S.W.2d 215, 223, 80 A.L.R. 2d 287 (Tex.Civ.App.-Houston, 1957, writ ref'd n. r. e.).

to reconsider the verdict and, if possible, answer the unanswered issues, then held: "The question at bar is not whether the trial court committed error but whether that error must be preserved by timely objection in order to be reviewed on appeal." "What was there waived [as in the instant case] was the right to attack a judgment for a procedural error by failure to preserve the error." Goyne v. McDaniel, supra.

Justice Wilson, writing for the Waco court in the Goyne case concerning the Lewis rule, said: "The rule urged applies to judgments rendered; not to the right to require a judgment to be rendered. Panhandle & S. F. Ry. Co. v. Sutton, 125 Tex. 401, 81 S.W.2d 1005." In both the Goyne case and Sutton case the relief sought was mandamus to require a judgment to be rendered; whereas, in the Lewis case and our case the attacks were upon judgments rendered upon incomplete verdicts without objections by the appellants to receipt of such verdicts and dismissal of the juries with the issues unanswered.

Although the unanswered special issue No. 2 inquiring of the jury if Herbert Greener and Sylvester Greener orally agreed that if either of them died the beneficiary of the life insurance policy of the person that died would take the proceeds of such insurance policy and use it to pay the debts, estate and inheritance taxes against the estate of the deceased brother, it would not have been error for the trial judge to have left such issue or the other unanswered issue out of his charge had neither party requested its submission. Upon the jury's returning the incomplete verdict, just as in the Lewis case, either party could have expressly waived a further consideration of the verdict by the jury. Lewis v. Texas Employers' Ins. Ass'n, supra.

■■■ The questions answered in Special Issues 5 and 6 refuted appellants' contentions that Herbert Greener did not act in good faith in retaining the proceeds of the policy of insurance on Sylvester Greener's life, with no intent to defraud appellants, and that such retention constituted unconscionable acquisition of appellants' property. The issues were obviously based upon appellants' pleadings " * * * that such withholding of the funds by defendant Herbert Greener is an unconscionable acquisition of appellants' property and is in fraud of the rights of plaintiffs herein and the beneficiaries under the truste herein described." Here, just as in the Lewis case, "There are not inconsistent findings one of which the trial judge had to ignore in order to render judgment." Lewis v. Texas Employers' Ins. Ass'n, supra.

The pleadings by appellants of lack of good faith, with intent to defraud and the unconscionable acquisition of appellants' property by Herbert Greener as being in fraud of the rights of appellants and the beneficiaries under Sylvester Greener's trust provided in his will furnished a principal part of the basis for the suit to establish a constructive trust.

An authoritative text writer has suggested that constructive trusts may be used in a variety of situations to provide a remedy better suited to the circumstances of the particular case, " * * * sometimes to develop a new field of equitable interposition, as in what we have come to think the typical case of constructive trust, namely, specific restitution of a received benefit in order to prevent unjust enrichment." Roscoe Pound, 33 Harvard Law Review, 1919–20, p. 421.

Bogert, a text writer on trusts, has said "It is sometimes loosely stated that 'fraud' is at the bottom of every constructive trust. * * * it is not true that all constructive trusts are based on 'fraud,' unless that word is used in its broadest sense, as including all conduct which equity treats as unfair, unconscionable, and unjust." Bogert, Trusts & Trustees, 2d Edition, sec. 471, p. 10.

The Supreme Court of Texas in discussing trusts, where one joint adventurer had taken an oil and gas lease in his own name in violation of the original agreement that it was to be taken in the name of all three joint adventurers, stated:

"This trust arose not because there was any agreement for the title to be taken in the name of petitioner, and the property to be held by him in trust for the respondents—as would be necessary to constitute an express trust—but, because under the facts, equity would raise the trust to protect the rights of the respondents, and to prevent the *unjust enrichment* of petitioner by his violation of his promise and duty to the respondents to take title in the name of the three of them, and for their mutual profit and advantage." Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256 (1951).

The case from which we have just quoted also quoted with approval from another authority as follows:

"'An unfair transaction between a confider and a confidant or fiduciary, at least where the confidence is induced by a fiduciary relationship between the parties, gives rise to a constructive trust in respect of any *unjust enrichment* of the confidant or fiduciary.'"

The text writer on trusts in Texas Jurisprudence 2d states: "It is said that fraud, actual or constructive, is an essential element in the creation or existence of a constructive trust. Some species of the constructive trusts arise from actual fraud, and others spring from the violation of some positive fiduciary obligation; in all the remaining instances there is, though often latent, an element of unconscientious conduct known to equity as constructive fraud." 57 Tex.Jur.2d sec. 68, p. 460.

In 4 Scott on Trusts, p. 3101, sec. 462 (2d ed., 1956), it is stated:

"Many attempts to define or describe a constructive trust would seem to be inadequate because the definition or description is too narrow in its scope and fails to include important types of constructive trusts. Thus it is frequently said that a constructive trust is imposed as a remedy for *fraud.*"

The same text writer at Page 3103, 4 Scott on Trusts, states:

"A constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be *unjustly enriched* if he were permitted to retain it."

Regardless of the many and varied types of constructive trusts, the type pleaded here upon which Special Issues 5 and 6 were based was an alleged fraud practiced by Herbert Greener resulting in appellees being unjustly enriched at the expense of appellants and the beneficiaries of the Sylvester Greener trust.

"In this situation, where the verdict is not conflicting and finds facts which support all the elements necessary for a judgment, the error is not preserved unless brought to the trial judge's attention in time to have the jury reconsider and complete their verdict." Lewis v. Texas Employers' Ins. Ass'n, supra. See also Continental Casualty Company v. Street, supra.

Appellants tried their case at least in part upon the theories represented in Special Issues 5 and 6. Undoubtedly, they would have insisted upon a judgment in their favor had such issues been answered favorably to them. We do not believe they can now complain that the issues were immaterial and not controlling.

Accordingly, the judgment of the trial court is affirmed.