Mary **ELLIOTT**, Petitioner,

v.

**Judge George HAMILTON, Respondent.**

No. 891.

Court of Civil Appeals of Texas,
Corpus Christi.

May 16, 1974.

Curtis B. Dyer, Corpus Christi, for petitioner.

## OPINION

PER CURIAM.

This is an original mandamus proceeding. The petitioner has filed with us a motion for leave to file a petition for writ of mandamus requiring the Honorable George Hamilton, Judge of the 94th District Court of Nueces County, Texas, to enter judgment for petitioner based on the incomplete verdict returned by the jury in Cause Number 108, 570–D, styled Mary N. Elliott v. William T. Smith and W. S. Smith, His Father as His Guardian Ad Litem and Next Friend. Our jurisdiction, if applicable, is determined under the provisions of Article 1824, Vernon's Ann.Civ.St.

The basis for petitioner's mandamus action arose out of an intersectional automobile collision in the City of Corpus Christi. It is alleged [1] that the case was tried before a jury. After the case had been sub-mitted to the jury on special issues of primary, contributory negligence and damages, the jury foreman advised the court that they were unable to answer issues concerning contributory negligence (lookout and plaintiff's failure to yield as a proximate cause of the accident). All of the remaining issues had been answered unanimously.

Upon receipt of the verdict from the jury, the trial judge accepted the partial verdict and dismissed the jury. The defendant did not object to the verdict or that the verdict was incomplete. Apparently no request was made that the verdict not be accepted or that the jury be instructed to retire and complete their verdict. No objection was made by the defendant to the trial judge's acceptance of the verdict. The jury was discharged.

Based on the answers to the primary negligence issues, the plaintiff moved for judgment. Instead, the trial court granted a mistrial. Plaintiff now petitions this Court to compel the trial judge to enter a judgment for the plaintiff on the partial jury verdict.

At the outset, we note that the petition presented to this Court is unverified. As such, it is unacceptable. It has always been the rule in this State that an affidavit must accompany a petition for mandamus verifying all of the facts stated. Shirley & Holland v. Conner, 98 Tex. 63, 81 S.W.2d 284 (1904); Cantrell v. Carlson, 313 S.W. 2d 624 (Tex.Civ.App.—Dallas 1958, n. w. h.). The affidavit must constitute such a positive statement of knowledge of the facts in the petition as would constitute a basis for a charge of perjury if such facts were found to be untrue. One of the reasons for this rule is, that the Court of Civil Appeals is not equipped to find facts. It is not generally the appellant court's function to find facts. We must rely on the truth of the record as it is filed in this Court.

---

1. The facts stated herein are not verified by petitioner.

Despite this shortcoming by the petitioner, the petition reveals that the basis for petitioner's mandamus is erroneous and the application would have to be denied. The petitioner argues:

"When the Defendant did nothing to secure the answer to those issues and because no objection was made to the Court accepting the partial verdict by the Defendant, the Defendant waived his right to those answers. The Defendant having waived his right to those answers, then the plaintiff (petitioner here) became entitled to judgment according to the verdict which contained answers to the primary negligence issues, proximate cause issues and damage issues . . . ."

The first official act of a trial judge following a jury's return of a verdict in open court is to accept the verdict and then discharge the jury. Our procedure requires that a party who is dissatisfied with the verdict must make known his dissatisfaction to the trial judge before the verdict is officially accepted and the jury finally discharged. This is his duty. Where the verdict is not conflicting and it finds facts which supports all the elements for a judgment, the error of not objecting to the unanswered issues is not preserved unless brought to the trial court's attention in time to have the jury reconsider and complete their verdict before it is discharged. If the trial court then accepts the verdict after objection has been made and ultimately enters judgment based on the verdict, the dissatisfied party can complain and perfect his appeal. Lewis v. Texas Employers' Ins. Ass'n, 151 Tex. 95, 246 S.W.2d 599 (1952).

A waiver of the right to have answers made to all unanswered issues can result only where the trial court subsequently grants a judgment based on the partial verdict and an appeal is perfected complaining of such action. The waiver is based on a failure to preserve the procedural error by failing to object to the partial verdict before the jury is discharged. Lewis v. Texas Employers' Ins. Ass'n, supra; Greener v. Greener, 413 S.W.2d 949 (Tex.Civ.App.—Amarillo 1967, n. r. e.).

Precisely the same argument as that made here was made and rejected in a mandamus proceeding in Goyne v. McDaniel, 383 S.W.2d 934 (Tex.Civ.App.—Waco 1964, n. w. h.). There the court stated:

"The contention overlooks what is held to be waived under the Lewis rule. The court there said, 'The question at bar is not whether the court committed error but whether that error must be preserved by timely objection in order to be reviewed on appeal.'

\* \* \* \* \* \*

What relator asks us to hold is that by failing to require unanswered issues to be answered plaintiff waived the right *not* to have judgment rendered against him; that relators thereby acquired a *right to judgment*. Waiver does not create a right. (citations omitted) It is the relinquishment of a right. (citations omitted)

The rule urged applies to judgments rendered; not to the right to require a judgment to be rendered. (citation omitted)" (Emphasis original) Id. at 935.

Where a trial court refuses to enter judgment on a verdict which contains sufficient fact findings to support a judgment, and it appears from the verdict and the court's order on its face, that the court's refusal to enter judgment was based on an invalid reason and did not involve the exercise of judicial discretion, mandamus would lie to require the court to enter judgment. Gulf, C. & S. F. Ry. Co. v. Canty, 285 S.W. 296 (Tex.Comm'n App. 1926, opinion adopted by Supreme Court); Texas State Board of Examiners In Op-

tometry v. Carp, 388 S.W.2d 409 (Tex. Sup.1965); King v. Smith, 459 S.W.2d 202 (Tex.Civ.App.—Corpus Christi 1970, n. w. h.).

■ Trial courts are vested with broad discretion relating to the control and disposition of their dockets. The authority of the appellate courts to intervene and to order a judge to enter judgment on a jury verdict is exercised only when the rendition of judgment involves no judicial discretion but is merely ministerial. Carnes v. Cunningham, 350 S.W.2d 59 (Tex.Civ. App.—El Paso 1961, n. w. h.). In the case at bar, if the unanswered issues were immaterial, then the petitioner would have been entitled to judgment no matter how they could have been answered. Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368 (1948). Where there is no irreconcilable conflict in the jury findings, it is the ministerial duty of a judge to enter a judgment on the verdict. Traywick v. Goodrich, 364 S.W.2d 190 (Tex.Sup. 1963); Spikes v. Smith, 386 S.W.2d 346 (Tex.Civ.App.—Corpus Christi 1965, mandamus overruled). The test as to whether a judgment may be entered on a partial verdict or whether answers are required, depends on whether the unanswered issues could have affected the results of a judgment. If the entry of a judgment on a partial verdict is such that the winning party was entitled to judgment no matter what the jury may have said in response to the unanswered issues, a judgment would be proper. Stalder v. Bowen, 373 S.W.2d 824 (Tex.Civ.App.—Dallas 1963, ref'd n. r. e.). Where the unanswered issues are such that their answers might change the results of the case, such issues are material and, therefore, the verdict is incomplete. It will not support a judgment. Williamson Motor Company v. Smith, 274 S.W.2d 191 (Tex.Civ.App.—San Antonio 1954, n. w. h.); Blanton v. E. L. Transport Co., supra; Panhandle & S. F. Ry. Co. v. Sutton, 81 S.W.2d 1005 (Tex.Comm'n App.1933, opinion adopted).

■ The unanswered issues here inquired as to the plaintiff's alleged contributory negligence. They were material. The trial court correctly declared a mistrial. The motion for leave to file the petition for mandamus is denied.