

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00364-CV

IN RE TAYLOR MORRISON OF                            RELATOR
TEXAS, INC. D/B/A MORRISON
HOMES

----------

### ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

Relator Taylor Morrison of Texas, Inc. d/b/a Morrison Homes seeks a writ of mandamus ordering the trial court to vacate its August 30, 2013 judgment granting a partial mistrial in the underlying suit. We conditionally grant the writ of mandamus.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

Taylor Morrison sued Real Parties in Interest CTL/Thompson Texas, LLC and Sheffield Development Company, Inc. in April 2007 over some geotechnical studies that CTL/Thompson and Sheffield provided to Taylor Morrison regarding whether certain land was suitable land on which to build houses. Taylor Morrison sued for breach of contract, breach of warranties, negligence, negligent misrepresentation, statutory fraud, and common-law fraud. A jury trial was held in 2012. The Honorable Judge Ken Curry presided.

After ten days of trial, the jury began deliberations. The jury charge contained thirty-five questions. After about two days of deliberations, the jurors submitted a note indicating that they had "reached an impasse." The trial judge instructed the jurors to continue their deliberations.

During a lunch break that same day, the trial judge told the parties that he was "going to see how the jury was doing." Later that day, the trial judge stated that if the jury did not reach a verdict by 4:00 p.m., he would likely release them. The trial judge again went to "check on the jury."

The trial judge returned to the courtroom around 4:20 p.m. and stated that he had "received some partial answers from the jury and they've signed the verdict form as to those partial answers." He said,

> I'm not going to enter the verdict of record at this point because I'm not for sure how we're going to handle that.

2

As we've discussed off the record, my inclination is to just mistry the case. But I'll dismiss the jury and I'll decide later on this week what I will do about the mistrial.

Sheffield and CTL/Thompson objected and requested an *Allen* charge. The trial court denied the request, and the jury was polled and dismissed. The jury charge did not include answers to Question 10, which addressed Taylor Morrison's negligence claim. Eleven of the twelve jurors signed the verdict certificate.

Taylor Morrison moved for mistrial. CTL/Thompson filed a motion for partial judgment on the jury verdict, and Sheffield filed a motion for entry of judgment notwithstanding the verdict. The trial judge issued a letter ruling dated December 21, 2012, stating that he was granting the motion for mistrial "as to the cause of action for negligence" and was granting the Real Parties in Interest's motions for partial judgment on statutory fraud, common law fraud, negligent misrepresentation, breach of contract, breach of warranties, and Sheffield's attorney fees. The letter also stated, "After entry of judgment the [trial court] would consider a motion for new trial by [Taylor Morrision] as to all issues but more especially as to negligent misrepresentation and the issue of [Sheffield's] attorney fees." Judge Curry then retired from the bench as previously planned.

In March 2013, Taylor Morrison filed an objection to entry of Sheffield's proposed judgment on partial verdict and amended motion for mistrial after discovering that Judge Curry had instructed the jury outside the presence of the

3

parties. Taylor Morrison attached three affidavits of jurors, who stated that Judge Curry entered the jury room after lunch on December 12 and said, "You've got until the end of the day to finish this or I'll declare a hung jury," or something similar.[2] The presiding juror asked if they could skip Question 10, and Judge Curry responded, "Yes, move on." Judge Curry later returned to the jury room and said, "That's it. I'll take what you've done, give it to both sides and see if they can work something out," or something similar.[3] The jurors testified that they did not finish their deliberations.

In May 2013, the Honorable Judge Susan McCoy, Judge Curry's successor, held a hearing on Taylor Morrison's motion and Sheffield's objections. At the end of the hearing, Judge McCoy stated,

> My ruling is going to be the same. We're going to retry the case on negligence and negligen[t] misrepresentation. And the other cause of action, I think that, you know, the jury ruled that they were not going to—I mean, they didn't sign for those. And I'm sure that both sides are unhappy about that.
>
> If I could make a [Taylor Morrison] case go away, I would do that. But my belief is that the jury—and I don't—you know, I trust Judge Curry, good God. He was a judge for 20 years. I don't think he would unfairly influence[] a jury. I mean, he was one of the kindest, fairest judges I've ever been in front of. I don't think in a minute he would unfairly influence a jury. Why would he do that right

---

[2]The second juror testified that Judge Curry said, "You've got today to finish this or I'll declare a mistrial." The third juror testified that Judge Curry said, "You've got until the end of today to finish or I'll declare a mistrial."

[3]The second juror testified that Judge Curry said, "Wrap it up, hand it back, and the Court will give it to both sides and they'll decide from there." The third juror testified that Judge Curry said, "That's it. Give me what you've got. I'll give it to both sides and see if they can work it out."

before he got off the bench?  I mean, why would he do that?  That makes no sense to me.  I'm using my common sense.

We're going to retry the case on negligence and negligent misrepresentation.  I'm sure that makes everyone unhappy, but that's my ruling and that's what we're going to do.  So I'm not going to grant a new trial on the other causes of action.

The trial court then entered an interlocutory judgment ordering a take-nothing judgment on Taylor Morrison's fraud, breach of contract, and breach of warranty claims and ordering $1,100,000 in attorney's fees to Sheffield.  The trial court granted a mistrial on Taylor Morrison's negligence and negligent misrepresentation claims only.  Taylor Morrison then filed its petition for writ of mandamus in this court.[4]

## Standard of Review

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal.  *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding).

A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law.  *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  With respect to the resolution of

---

[4]In the trial court, Taylor Morrison submitted a bill of exception, which was signed while this mandamus was pending.  Sheffield filed a motion for leave to file supplemental briefing addressing the bill of exception.  We do not address the bill of exception in our opinion, and Sheffield's motion is hereby denied.

5

factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding); *Walker*, 827 S.W.2d at 839–40. In other words, we give deference to a trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

Absent extraordinary circumstances, mandamus will not issue unless the relator lacks an adequate remedy by appeal. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding) (citing *Walker*, 827 S.W.2d at 839). This requirement "has no comprehensive definition." *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). As this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *Id.*

An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d

6

124, 136 (Tex. 2004) (orig. proceeding). When the benefits outweigh the detriments, we must conduct further analysis. *Id.* An appeal is inadequate for mandamus purposes when parties are in danger of permanently losing substantial rights, such as when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *Van Waters & Rogers, Inc.*, 145 S.W.3d at 210–11; *Walker*, 827 S.W.2d at 843–44. An appellate court should also consider whether mandamus will allow the court "to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments" and "whether mandamus will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) (quoting *Prudential*, 148 S.W.3d at 136).

## Discussion

### I. Whether the trial court abused its discretion

We first determine whether the trial court abused its discretion. In its second issue, Taylor Morrison argues that the trial court abused its discretion by not granting its motion for mistrial in its entirety because the trial judge instructed the jury outside the presence of counsel.[5] The decision to grant a motion for new

---

[5]Sheffield and CTL/Thompson argue that Taylor Morrison waived any complaint regarding the jury's answers because it did not object before the jury was discharged. *See Fleet v. Fleet*, 711 S.W.2d 1, 3 (Tex. 1986). However, the grounds for Taylor Morrison's objection were not known until after the jury was

7

trial is at the trial court's discretion and the court's ruling will not be disturbed in the absence of a showing of an abuse of that discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984).

Rule 286 of the rules of civil procedure requires any supplemental instructions from the court to be in writing. Tex. R. Civ. P. 286. The supplemental instruction must conform with the rules relating to the charge. *Id*. In this case, the trial judge told the jurors after they had begun deliberations that they should skip Question 10 of the jury charge and later that he would take "what [they]'ve done" (or "what [they]'ve got") before they had finished deliberating. Neither of these instructions conformed with the jury charge

discharged. An objection is considered timely if it is asserted when the potential error becomes apparent. *Hoxie Implement Co. v. Baker*, 65 S.W.3d 140, 145 (Tex. App.—Amarillo 2001, pet. denied). Taylor Morrison cannot be seen to waive a complaint that was not yet known at the time of the alleged waiver. *See Gardner v. Herring*, 21 S.W.3d 767, 775 (Tex. App.—Amarillo 2000, no pet.) ("Indeed, it would be quite specious to suggest that through silence one can waive a complaint regarding conduct about which he knew nothing or about which he was denied the opportunity to object. . . . In other words, the complainant must have been in a position to perceive the error before his silence can be deemed waiver."). Taylor Morrison preserved its complaint by raising it in its amended motion for new trial in a timely manner after Judge Curry's actions were made known. Although the parties knew that the trial judge was going to "check on" the jury, there was no indication that the parties knew that the trial judge would provide supplemental instructions that did not conform to the jury charge.

Sheffield and CTL/Thompson also argue that Taylor Morrison's amended motion for new trial was untimely because it was filed after the trial court denied Taylor Morrison's original motion. Although the trial judge's December 21, 2012 letter indicated his intent to grant the motion in part and deny the motion in part, no judgment was signed until August 30, 2013. Taylor Morrison's motions were therefore premature and were deemed filed "on the date of but subsequent to the time of signing of the judgment." Tex. R. Civ. P. 306c. Taylor Morrison's original motion was still pending at the time it filed its amended motion.

instructions, which stated that "[a]ll the questions and answers are important. No one should say that any question or answer is not important."

The only evidence of the trial judge's violation of rule 286, however, is the testimony in the jurors' affidavits. Both rule 606 of the rules of evidence and rule 327 of the rules of civil procedure apply in the determination of whether the affidavits may be considered.[6] *See* Tex. R. Evid. 606(b); Tex. R. Civ. P. 327. Rule 606(b) states,

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations . . . . However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.

Tex. R. Evid. 606(b). Rule 327 states,

> a. When the ground of a motion for new trial, supported by affidavit, is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury . . . , the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the communication made . . . , be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party.

> b. A juror may not testify as to any matter or statement occurring during the course of the jury's deliberations . . . except that a juror may testify whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of

---

[6]Rule 327, while titled, "For Jury Misconduct," also covers motions for new trial made "because of any communication made to the jury," and thus appears applicable to the present facts. *See* Tex. R. Civ. P. 327.

9

any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Tex. R. Civ. P. 327. In this case, Sheffield and CTL/Thompson argue that the affidavits may not be considered because the testimony regards the jurors' deliberations and because a supplemental instruction is not, as a matter of law, an outside influence. *See Golden v. First City Nat'l Bank in Grand Prairie*, 751 S.W.2d 639, 644 (Tex. App.—Dallas 1988, no writ) ("As a matter of law, jury instructions cannot be an outside influence.").

Rule 606 and rule 327, however, do not preclude juror testimony on improper contact or statements that did not occur during the jurors' deliberations. *See Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 370–72 (Tex. 2000). In *Golden Eagle*, the supreme court discussed the definition of deliberations and determined that it narrowly applies to those times when the jury is formally deliberating. *Id.* For instance, it does not apply "during a trial break." *Id.* at 371. Thus, "[j]uror testimony is still permitted on the issue[] of . . . communications to the jury . . . , provided such testimony does not require delving into deliberations." *Id.* at 372.

In this case, the juror affidavits state that the trial judge entered the jurors' room "right after lunch" before they had restarted deliberations and again in the afternoon, stopping their deliberations. Thus, the trial court's communications to the jury did not occur during deliberations, and we may consider the jurors' testimony on the trial court's statements at those times. The testimony in the

10

affidavits regarding how the jurors voted or filled out the jury charge is irrelevant to our inquiry, which focuses on the trial judge's actions under rule 286 and not on juror misconduct.[7]

Rule 327 requires that the communication be material and that the complaining party demonstrate probable harm before a mistrial may be granted.[8] Tex. R. Civ. P. 327(a). The communications from the trial judge that the jury should skip a question and the communications stopping their deliberations before they had concluded were material because they resulted in an incomplete verdict. The harm in this case is that the jurors did not complete their deliberations, vote on some questions, or render a verdict on all questions because the trial judge instructed them not to answer Question 10 and to stop their deliberations. *See Tex. Emp'rs Ins. Ass'n v. McCaslin*, 159 Tex. 273, 279, 317 S.W.2d 916, 921 (1958) ("Rule 327 does not preclude the drawing of logical

---

[7]Sheffield and CTL/Thompson also objected that the juror affidavits contained inadmissible hearsay. *See* Tex. R. Evid. 801(d). However, when a party offers a statement simply to show that it was made rather than to show its truth or falsity, the hearsay rule does not bar its admission. *See City of Austin v. Houston Lighting & Power Co.*, 844 S.W.2d 773, 791 (Tex. App.—Dallas 1992, writ denied) (citing *Pope v. Darcey,* 667 S.W.2d 270, 273 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.)). The jurors' testimony regarding the trial judge's statements were offered as evidence that the statements were made and thus are not hearsay.

[8]Taylor Morrison argues that a violation of Rule 285 results in automatic reversal. However, the case it cites for this proposition by its own language reaffimed the harm requirement. *See Ross v. Tex. Emp'rs Ins. Ass'n*, 267 S.W.2d 541, 279 (Tex. 1954) (stating that there was no basis to distinguishing communications from judge to jury from communications from counsel to jury, which requires a showing of probability of harm).

11

inferences of prejudice and unfairness from the overt act itself for an action or occurrence may be so highly prejudicial and inimical to fairness of trial that the burden of going forward with proof of harm is met, prima facie at least, by simply showing the improper act and nothing more."). Although *McCaslin*'s application is narrow, the failure of a jury to complete its deliberations falls within its parameters. *See Tex. & P. Ry. Co. v. Van Zandt*, 159 Tex. 178, 182, 317 S.W.2d 528, 531 (1958) (citing *McCaslin* and holding that the trial court's refusal to submit a question to the jury regarding whether the plaintiff was injured by the defendant amounted to a denial of the defendant's constitutional right to trial by jury).

Sheffield and CTL/Thompson argue that the trial court had a duty to enter a judgment on the partial jury answers. *Garcia v. Spohn Health Sys. Corp.*, 19 S.W.3d 507, 510 (Tex. App.—Corpus Christi 2000, pet. denied) ("The general rule is that a court must enter judgment on a verdict when it can be done."). But because the jury did not complete its deliberations, it is unclear what answers were affected by the supplemental instructions.[9] And when "unanswered issues are such that their answers might change the results of the case, such issues are material and, therefore, the verdict is incomplete. It will not support a judgment."

---

[9]Although the juror affidavits contain testimony regarding the number of jurors who agreed to the "no" answers written on the jury charge, that testimony regards the jurors' deliberations, and we cannot consider it. *See* Tex. R. Evid. 606(b); Tex. R. Civ. P. 327; *Golden Eagle*, 24 S.W.3d at 370–72. Further, because the deliberations were prematurely concluded, there is no way of knowing what the ultimate vote would have been.

12

*Elliott v. Hamilton*, 512 S.W.2d 824, 827 (Tex. Civ. App.—Corpus Christi 1974, no writ). The verdict in this case cannot support the trial court's judgment.

Further, Judge McCoy's statements during the hearing indicate an arbitrary decision and therefore an abuse of discretion. *See In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 212–13 (Tex. 2009) (stating that a trial court's discretion to grant new trials "should not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis" and that a trial court's failure to give its reasons for granting a new trial is an abuse of discretion). At the end of the hearing, the trial judge said,

> I trust Judge Curry, good God. He was a judge for 20 years. I don't think he would [have] unfairly influenced a jury. I mean, he was one of the kindest, fairest judges I've ever been in front of. I don't think in a minute he would unfairly influence a jury. Why would he do that right before he got off the bench? I mean, why would he do that? That makes no sense to me. I'm using my common sense.

The trial judge's statements suggest that she did not rule based on the application of any rules or laws but instead based her ruling on her disbelief that Judge Curry would influence the jury. This is not a valid basis on which to render a decision.

The trial judge stated that she would not grant a new trial on the other non-negligence causes of action because "the jury ruled that they were not going to— I mean, they didn't sign for those. And I'm sure that both sides are unhappy about that." The trial judge offered no explanation as to why she granted a mistrial on the negligent misrepresentation claim and not on the other claims.

13

There was an ostensible jury answer to that claim as there were to the other, non-negligence claims. The only rationale appears to be that it was a negligence-based claim like the statutory negligence claim and thus, was intertwined with the same facts and evidence. But such is the case for the other causes of action for which mistrial was denied. In essence, the trial judge upheld a non-existent jury verdict. When there is no jury verdict on any claims, granting a new trial as to some but not to others is an arbitrary decision. The trial court's partial judgment was therefore a clear abuse of discretion.[10]

## II. Whether there is an adequate remedy by appeal

Sheffield and CTL/Thompson argue that mandamus is inappropriate because Taylor Morrison has an adequate remedy at law by appealing the partial denial of its motion for new trial after a final judgment from the partial new trial that was granted.

First, there would be one new trial on the negligence and negligent misrepresentation claims. Then, on appeal, the partial denial of the motion for new trial should be reversed for the reasons expressed above and a new trial granted as to those claims. There would then be another new trial on statutory fraud, common law fraud, breach of contract, and breach of express and implied warranties, all of which are based on the same contract and the same

---

[10]Because Taylor Morrison's first issue seeks the same relief on different grounds, and because we sustain its second issue, we need not address the first issue. *See* Tex. R. App. P. 47.1.

14

representations of the parties that formed the basis of the negligence causes of action.

While mandamus does not lie simply because of the costs associated with a new trial, it is appropriate in circumstances when it would "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). In this case, a new trial just on the negligence causes of action, knowing that another new trial regarding the same events and relying on the same evidence will be forthcoming, is one of those situations in which the time and money of a trial would be utterly wasted. *Cf. Howard Gault & Son, Inc. v. Metcalf*, 529 S.W.2d 317, 321 (Tex. Civ. App.—Amarillo 1975, no writ) (denying mandamus when the trial court granted a partial new trial as to some defendants because "the three defendants [were] distinct and their causes severable"). We therefore hold that an appeal is not an adequate remedy under these facts and that mandamus relief is appropriate. *See Prudential Ins.*, 148 S.W.3d at 136.

### Conclusion

We conditionally grant Taylor Morrison's petition for writ of mandamus, and we order the trial court to vacate its August 30, 2013 judgment. The writ will issue only if the trial court fails to do so.

15

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DELIVERED:  February 6, 2014

16