

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0891-15

**ARTHUR FRANKLIN MILLER, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S MOTION FOR REHEARING
### AFTER OPINION ON DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

**KELLER, P.J., filed a dissenting opinion.**

The question before us is how to determine prejudice when counsel tells a defendant that he could get probation in a bench trial when, in fact, he could get probation only in a jury trial. The usual test for prejudice, articulated in *Strickland v. Washington*, is whether there is a reasonable probability that the result of the proceeding would have been different.[1] Applying this usual test would require asking whether the defendant would have actually obtained probation in a jury trial.

---

[1] *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1911 (2017) (quoting *Strickland*, 466 U.S. 668, 694 (1984)).

However, the Court holds that a different prejudice standard applies, requiring a showing merely that the defendant would have opted for a jury trial. In support of this holding, the Court cites cases involving plea agreements and the failure to file an appeal.[2] Each of those cases involved the deprivation of an entire judicial proceeding: the deprivation of a trial or the deprivation of an appeal.[3]

This case is different. Appellant pled "not guilty." He had a trial. It was a trial before a judge instead of a trial before a jury—arguably, the wrong kind of trial. But that means the cases cited by the Court are not directly on point. Instead, those cases are, at most, analogous to the present case, and so the question is whether we should treat a trial in which the defendant is deprived of a jury like the entire deprivation of a trial. In answering that question, an instructive case to examine is *Weaver v. Massachusetts*.[4]

*Weaver* involved a claim that the defendant received the wrong kind of trial: a trial that was not open to the public.[5] The deprivation of a public trial is structural error.[6] The Supreme Court addressed whether the fact that the error was structural changed the way that a prejudice analysis in

---

[2] *See Lee v. United States*, 137 S. Ct. 1958 (2017) (plea of guilty pursuant to agreement; claim that counsel gave erroneous advice about immigration consequences of conviction); *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (claim that counsel's conduct resulted in depriving defendant of an appeal); *Hill v. Lockhart*, 474 U.S. 52 (1985) (plea of guilty pursuant to agreement; claim that counsel gave erroneous advice about parole eligibility).

[3] *Lee*, 137 S. Ct. at 1965; *Flores-Ortega*, 528 U.S. at 483.

[4] 137 S. Ct. 1899.

[5] The defendant claimed that counsel was ineffective for failing to object to the closure of the courtroom during voir dire. *Id.* at 1906. The Supreme Court assumed that the closure of the courtroom during voir dire amounted to the denial of a public trial. *See id.* at 1907-13. *See also id.* at 1914 (Thomas, J., concurring) (observing that the Court assumed that the closure of the courtroom during voir dire amounted to a violation of the Sixth Amendment right to a public trial).

[6] *Id.* at 1908.

an ineffective-assistance claim was to be conducted.[7] The Court explained that "structural error" is the kind of error that, if preserved, results in reversal without a harm analysis.[8] The Court concluded, however, that the structural nature of an error did not necessarily dictate a deviation from the usual *Strickland* prejudice analysis.[9] The Court assumed, but did not decide, that the structural nature of an error might affect the *Strickland* prejudice analysis if one of the rationales for labeling a particular error as structural was that it rendered a trial fundamentally unfair and if that rationale were shown to be applicable in the defendant's case.[10] The Court ultimately concluded that the defendant had not made such a showing, and because the defendant had not met the traditional test for prejudice—showing a reasonable probability of a different outcome—the defendant was not entitled

---

[7] *Id.* at 1907-13.

[8] *Id.* at 1907-08, 1910 ("Thus, in the case of a structural error where there is an objection at trial and the issue is raised on direct appeal, the defendant generally is entitled to 'automatic reversal' regardless of the error's actual 'effect on the outcome.'").

[9] *Id.* at 1910-12.

[10] *Id.* at 1911 ("Thus, when a defendant raises a public-trial violation via an ineffective-assistance-of-counsel claim, *Strickland* prejudice is not shown automatically. Instead, the burden is on the defendant to show either a reasonable probability of a different outcome in his or her case or, as the Court has assumed for these purposes, to show that the particular public-trial violation was so serious as to render his or her trial fundamentally unfair.") (citation omitted). The Court explained that there were different rationales for labeling an error as structural, one of which was fundamental unfairness, and that not every rationale applied to every species of structural error. *Id.* at 1908. The Court also explained that the unpreserved nature of a particular type of error might affect whether a court should modify the *Strickland* prejudice inquiry. *Id.* at 1912 ("The reason for placing the burden on the petitioner in this case, however, derives both from the nature of the error, and the difference between a public-trial violation preserved and then raised on direct review and a public-trial violation raised as an ineffective-assistance-of-counsel claim.") (citation omitted).
    Before *Weaver* was decided, we had suggested that the structural nature of an error might impact a *Strickland* prejudice inquiry. *Johnson v. State*, 169 S.W.2d 223, 231-322 (Tex. Crim. App. 2005). In that discussion, we remarked that "the deprivation of a trial and the deprivation of an appeal are both structural defects." *Id.* at 231.

to relief.[11]

Whether the underlying jury-trial violation in this case is a structural error is questionable, at best. The Supreme Court has recognized only "a very limited class of errors" as structural.[12] The constitutional right to a jury trial does not appear in the lists of structural error recited by the Supreme Court.[13] When a violation of the constitutional right to a jury trial occurs because an element of the offense has not been submitted to the jury, a harm analysis applies,[14] and, significantly, that harm analysis may appropriately focus on whether the jury would have found the element if it had been submitted.[15]

Moreover, it is not clear that the *constitutional* right to a jury trial is implicated in this case. Appellant's claim is that he should have gotten a jury trial so that he would have a chance at getting probation. In noncapital cases, the federal constitutional right to a jury trial does not extend to the discretionary determination of what punishment to assess.[16] The right to a jury trial on the issue of

---

[11] *Id.* at 1913.

[12] *United States v. Davila*, 569 U.S. 597, 611 (2013).

[13] *See id.*; *United States v. Marcus*, 560 U.S. 258, 263 (2010); *Neder v. United States*, 527 U.S. 1, 8 (1999); *Johnson v. United States*, 520 U.S. 461, 468-69 (1997).

[14] *Neder*, 527 U.S. at 9-13.

[15] *Id.* at 17 ("[W]here a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless.").

[16] *United States v. Booker*, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.").

probation is based solely in statute,[17] and a statutory error cannot be structural.[18]

And *Weaver* illustrates that, even if the deprivation of a jury trial that was alleged to have occurred here were structural, the usual prejudice analysis under *Strickland* might still be appropriate. And even if a deviation from the usual prejudice analysis were warranted, it might be warranted only for punishment—what the defendant says he wanted the jury for.

I believe that the Court's holding today is an unnecessary expansion of the Supreme Court holdings on which it relies. I respectfully dissent, and I also join Judge Alcala's dissent.

Filed: May 23, 2018

Publish

---

[17] *See* TEX. CODE CRIM. PROC. art. 37.07, § 2(b) (after a finding of guilt, judge assesses punishment unless defendant has satisfied conditions for electing jury punishment).

[18] *See Schmutz v. State*, 440 S.W.3d 29, 35-37 (Tex. Crim. App. 2014).